Long *against* E. L. MAJESTRE, (*Administratrix of Wm. Majestre, deceased,*) AND TARDY.

*October 3d.*

A creditor filing a bill against an *executor*, cannot make a debtor of the estate a party, except where the executor is insolvent, or there is collusion between the executor and debtor, or in some other special case.

As where A. and B. carried on trade, as partners, with the funds of A., in the name of B., and, without any dissolution of the partnership, or rendering any account to A., B. afterwards, without the consent of A., entered into a partnership with C.,¯ and carried into the new concern all the funds of the former partnership; and A., on the death of B., filed a bill against his administratrix, and C., his surviving partner, for a discovery and account; and C. demurred to so much of the bill as sought an account from him of the transactions and profits of the partnership between him and the intestate, and of the personal estate of the intestate in his hands: the demurrer was overruled.

THE plaintiff stated in his bill a large claim against the estate of *William Majestre*, deceased, and alleged, that being a merchant at *Marseilles*, in *France*, he entered into partnership with the intestate, who was a merchant in *New-York*, in the year 1807; that the intestate brought no funds into the capital of the house, but carried on trade solely with the funds of the plaintiff, and in his own name, but for the partnership account, but had rendered no account to the plaintiff; and had, without the consent of the plaintiff, or any dissolution of their copartnership, afterwards, entered

1814.

LONG
v.
MAJESTRE.

into partnership with the defendant, *Tardy*, and had carried all the funds of the plaintiff, in his hands, into the last co-partnership, and used them therein, until his death, in 1814; and the plaintiff, therefore, claimed to be entitled to the whole share of the intestate in the last partnership. The bill also alleged, that a great part of the personal estate of the intestate had come into the hands of *Tardy*, and, among other things, prayed that *Tardy* might be compelled to set forth a full and true account of the partnership transactions between him and the intestate, and of the profits, &c.; and that he might set forth and declare whether the intestate did not leave a considerable personal estate in his hands.

The defendant, *Tardy*, demurred to so much of the bill as called for the discovery of the above facts, &c.

*T. A. Emmet* and *Harris*, for the plaintiff.

*Burr*, contra.

THE CHANCELLOR. It is, no doubt, the general rule of this court, that the creditor filing the bill against the executor, cannot make a debtor of the estate a party, for this would be taking the business out of the hands of the executor, and would lead to confusion in the administration of the estate, as every creditor would then be entitled to such a bill against every debtor. The same cases, however, admit that there are exceptions to the rule, as where the executor is insolvent, or there is collusion between the executor and the debtor, or where there is some other special case not exactly defined. (*Utterson* v. *Mair*, 2 *Vesey*, jun., 94. *Alsager* v. *Rowley*, 6 *Ves.* 748. *Burroughs* v. *Elton*, 11 *Ves.* 29.) As there is no suggestion of insolvency in the administrator, or of collusion, this case does not fall within those exceptions. But the strong objection to the demurrer is, that this is a special case, not within the reason of the general rule. It is more like the case of one partner call-

ing the other to account ; for, taking the charges in the bill to be true, as we must do in judging of the demurrer, the plaintiff was the *cestuy que trust*, for whose use, and with whose money, the intestate carried on trade with the defendant : and, as Lord *Hardwicke* observed, in *Newland* v. *Champion*, (1 *Ves.* 105.,) the case of partnership is very different from the other cases, and there were many instances where the surviving partner of a deceased debtor was made a party, so that there might be *an account of the personal estate entire.* And he said, in that case, that though there was no suggestion of collusion between the surviving partner and the representative of the deceased, yet the bill was not demurrable to, and an account was accordingly directed between the creditor of the deceased partner and the survivor. In this case, it appears to me, independent of all authority, that the plaintiff, upon his bill, is most fitly entitled to call from the defendant a full account of the latter copartnership, and that he can obtain such an account from no other source so fully and effectually as from the defendant, *Tardy.*

The demurrer is, accordingly, overruled, with costs.

Decree accordingly.