CORINNA A. SHEARER vs. JOHN S PAINE & others.

A. and B. were partners, A. carrying on the business of the firm in Boston, and B. in New Orleans. A. took in C. as a partner in the business carried on in Boston, and A. and B. agreed in writing that after a settlement with C. all the business in Boston should be settled by the articles of agreement between A. and B. Real estate was afterwards acquired by A. and C. in Massachusetts and other states, with partnership funds, and was agreed to be treated as partnership property. A. died. *Held*, that the administratrix of his estate could not maintain a bill in equity to compel C. to sell said real estate as surviving partner, and to account to her directly for the proceeds; but that B., as surviving partner of the original firm, had a right to insist on C.'s accounting with him therefor.

BILL IN EQUITY brought by the administratrix of the estate of Leonard B. Shearer, deceased, against two persons who during his life were his partners, and his three minor children, seeking to compel a sale of certain real estate, and the payment of the proceeds thereof to her. The following facts appeared from the bill and answers :

In 1850 Leonard B. Shearer and Daniel L. Shearer, at Boston, entered into written articles of partnership, for the purpose of carrying on the furniture, upholstery and crockery-ware business in Boston, under the name of Leonard B. Shearer, and also in New Orleans, under the name of Daniel L. Shearer; the business in Boston to be under the management of Leonard B. Shearer, and that in New Orleans to be under the management of Daniel L. Shearer; and the profits and losses to be divided in the proportion of two thirds to the former and one third to the latter. In 1854 they entered into a new written agreement reciting that Leonard B. Shearer had purchased certain real estate in Boston, and formed a furniture business in New York city; and providing that the former articles should apply in the division of real estate and of the profits of the business in New York; and should also apply to all real estate, wherever situated, purchased by Leonard B. Shearer subsequently to the formation of the partnership.

In 1853 Leonard B. Shearer entered into articles of agreement with John S. Paine, for the purpose of carrying on the furniture business and general trade for two years, under the name of

Shearer & Paine.  This partnership was continued under new agreements; and in June 1864 said Shearer & Paine executed a written instrument showing that their said firm had purchased real estate in Illinois, Wisconsin and Michigan, part of which was taken in the firm's name, and part in the name of Leonard B. Shearer, but the greater part in the name of John S. Paine, all of which was paid for with funds of the firm; and providing that in case of a sale of the whole or any part thereof the proceeds should be paid over to the firm of Shearer & Paine, and, in case of a division of the property, it should be divided as other personal property belonging to said firm.

In June 1864 Leonard B. Shearer and Daniel L. Shearer entered into a written agreement reciting the continued existence of their partnership; the addition of Paine, as a partner, to the business in Boston; the establishment of their business in New York; the addition of James C. Jones, as a partner, to the business in New York; and setting forth that " the addition of partners and the changing of the firm in Boston and New York did not change the business relations and connections existing between them, but that they still exist; and after a settlement with J. S. Paine, at Boston, and J. C. Jones, at New York, all the business in Boston, New York and New Orleans is to be settled by the articles of agreement made and signed at Boston." And the business was carried on under these several agreements until the death of Leonard B. Shearer.

The bill alleged that in the settlement of the business of the firm, as well as of the estate of Leonard B. Shearer, it was necessary that the said real estate should be sold; and prayed that Paine might be ordered to sell the same, and to receive the proceeds as surviving partner of the firm of Shearer & Paine, and deal with the same as the personal property of the firm, and account with the plaintiff, as administratrix, for the share belonging to the estate of Leonard B. Shearer; and for other elief.

Certain matters set forth in the answers are stated in the opinion.

The case was reserved, by *Chapman*, J., for the determination of the whole court.

*S. E. Sewall,* for the plaintiff.

*D. P. Kimball,* for the defendants.

Colt, J. The defendant Paine, in his answer to this bill, alleges that Daniel L. Shearer, as the surviving partner of Leonard B. Shearer, under the original articles and the subsequent agreement, claims that he shall account with him for the property of the firm of Shearer & Paine, and forbids his accounting to the plaintiff, or paying over to her the share of the property of Shearer & Paine coming to said Leonard's estate. And Daniel L. Shearer, in the answer filed by him, asserts his right as such survivor to all the property and the proceeds of the sale of any property of said firm of Shearer & Paine, after deducting Paine's share thereof, to be held by him until the settlement of his partnership affairs with Leonard B. Shearer, and then accounted for to the administratrix of his estate.

The right thus insisted upon by Daniel L. Shearer to take by survivorship all the property of the firm of which he was a member, for the purpose of holding and administering on the estate until the effects are reduced to money and the debts paid, is a right incident to all partnerships, and one of which he cannot be deprived by the personal representative of the deceased partner, in the absence of any allegation of mismanagement or want of capacity. And this is decisive of the case, unless there is something in the relations of the parties which makes it an exception to the general rule. ·

The property in Boston of the original firm was indeed placed by Leonard B. Shearer's agreement with Paine in the possession of the new firm of Shearer & Paine; but it was manifestly not intended to deprive Daniel L. Shearer of his interest in it as partner, or exclude him from the profits of the business in Boston; and, as to the parties, it could not have that effect, whatever might be the result as between him and the creditors of the new firm. Nor was Paine, as among themselves, made a partner in the entire concern. The rights of the parties are to be settled here irrespective of liabilities which were incurred to creditors of either firm by the arrangement. A partner cannot make an arrangement of this kind with a stranger in referen

to any portion of the property or business of the firm which shall deprive him, without his consent, of the right as survivor to collect the effects of the partnership and apply them in payment of its debts. So that, if there had been no understanding and agreement of the parties, it would seem clear that Daniel L. Shearer, as surviving partner, alone has the right to demand of Paine the effects of the original firm now in his hands, and his right in this respect is placed beyond question by the express written agreement between him and Leonard B. Shearer set forth in the bill. As the legal representative of Leonard B. Shearer, the plaintiff can assert her rights only in subjection to the arrangements which were made by her intestate.

It does not appear that the whole assets of the firm in Boston belonging to the original partnership may not be needed by Daniel L. Shearer to pay debts; and if so needed, then in equity the real estate named in the bill must be sold and applied to their payment. *Burnside* v. *Merrick*, 4 Met. 537. *Fitch* v. *Harrington*, 13 Gray, 468.

It is argued that, as Paine was not a partner of Daniel L. Shearer, no suit can now be maintained by Daniel L. Shearer against him as partner; and that only the plaintiff, as representative of Leonard B. Shearer, can compel him to account for the effects in his hands. If this be so, it would follow that Daniel L. Shearer must await the result of this suit, and then look to the plaintiff for the partnership effects of the original firm. But this is not a correct view of the right of Daniel L. Shearer as surviving partner. Paine must at least be regarded as trustee of the assets in his hands for the legal representative of the old firm, and liable to account. *Long* v. *Majestre*, 1 Johns. Ch. 305, is in point. In that case A. and B. carried on trade as partners with the funds of A. in the name of B., and B. without the consent of A. entered into partnership with C., and carried into the new concern all the funds of the former partnership. A., on the death of B., filed a bill against his administratrix and C., his surviving partner, for a discovery and account. C. demurred to so much of the bill as sought an account from him of the transactions and profits of the partnership between him and the

intestate, and of the personal estate in his hands; but the de-murrer was overruled

The result to which we come in this case renders it unneces-sary to consider the other questions so fully discussed at the hearing, or to decide whether upon the facts here disclosed a court of equity would decree a sale, by the surviving partner, of all the real estate, whether needed for the payment of debts or not, and a division of the proceeds as prayed for in this bill.

*Bill dismissed, with costs.*