## TANDERUP V. HANSEN.

1. All forms of actions are abolished, and the subtile and refined distinctions in relation to trespass which perplex the pleader at common law are wholly abrogated. Fictitious averments are contrary to the letter, and especially the spirit, of the new procedure.

2. Under a statute which provides, in effect, that owners, or persons charged with the keeeping, of trespassing animals, shall be liable to pay compensatory damages to the party injured thereby, and that such damages may be recovered in a civil action, before a court having ju-risdiction thereof, and that the proceedings shall be in all respects the same as any other civil action, a complaint which states, in ordinary and concise language, the facts constituting a cause of action, is not in-validated because the pleader further states that "plaintiff elects to waive the tort," and then proceeds to state a cause of action—in the same complaint for the same injury—upon a fictitious contract for the sale and delivery of the property destroyed, and alleges a promise

on the part of the defendant to pay such damages; but such unnecessary allegations may be regarded as mere surplussage, and an objection to the introduction of any evidence under such complaint, for the reason that it fails to state a cause of action, should be overruled.

KELLAM, J., concurs in decision for reasons stated in supplemental opinion.

(Syllabus by the Court. Opinion filed April 3, 1894.)

Appeal from circuit court, Turner county. Hon. E. G. SMITH, Judge.

Action in justice court to recover damages. Defendant had judgment and plaintiff appealed to the circuit court. Upon the trial in the circuit court defendant objected to the introduction of any evidence, on the ground that the complaint did not state sufficient facts. This objection was sustained, and defendant had judgment. From that judgment plaintiff appeals. Reversed.

The facts are stated in the opinion.

*R. B. Tripp*, for appellant.

*French & Orvis*, for respondent.

FULLER, J. This action was originally tried in a justice court upon the following complaint: "That during the times herein stated he was, and now is, the owner and in possession of the N. ½ of the S. E. ¼, and the N. E. ¼ of the S. W. ¼, of S. 18, T. 96, R. 53; said land being in Turner county, South Dakota. That between the 1st of March and the 20th of April, 1891, the defendant was the owner or in possession of certain cattle, with the care of which he was chargeable. That at divers times between said dates said animals ran upon, and trespassed on, said land, and destroyed a large amount of seed corn, common corn and fodder thereon, to plaintiff's damage of $30. But plaintiff, further complaining, states that he elects to waive the tort or trespass aforesaid, and, for a second cause of action, states that between the 1st of March and the 20th of April, 1891, at Turner Co., S D., he sold and delivered to the defendant certain seed corn, common corn and fodder; that said corn and fodder were reasonably worth $30, which defendant

promised to pay; that he has not paid the same, or any part thereof. Wherefore, plaintiff demands judgment for $30 and costs. Chas. H. Goddard, Atty. for Plf.'' The answer was a general denial. From an adverse decision in justice court, plaintiff appeals to the circuit court upon questions of both law and fact. After the jury was impaneled in the circuit court, and upon the production in behalf of plaintiff, counsel for defendant objected to the introduction of any evidence under the complaint; for the reason that the same failed to state a cause action. This objection was sustained by the court, the action dismissed, and judgment for costs in favor of the defendant was ordered and adjudged. Plaintiff appeals to this court, and assigns as error the ruling of the trial court on the objection to the introduction of any evidence under the complaint, and the action of the court in rendering judgment in favor of the defendant for costs, and asks that said judgment be reversed.

Had the complaint concisely stated only such facts as would if proved entitle plaintiff to recover compensation for the damage caused by defendant's cattle, the pleading would have met the requirments of our statute, regardless of the form and character of the action, as the question of tort was not an element to be considered, either by the court or jury, in fixing defendant's liability. Under Section 5569, of the Comp. Laws, which provides, in effect, that owners or persons charged with the keeping of trespassing animals shall be liable to pay compensatory damages to the person whose crop has been injured thereby, and that such damages may be recovered in a civil action before any court having jurisdiction thereof, and that the proceeding shall be in all respects the same as any other civil action, provided the suit is brought within 60 days from the time the property is injured or damaged, allegations in the complaint that waive the tort, and plead an implied contract and fictitious promise to pay such damages, are unnecessary, and may be treated as mere surplussage. Mr. Maxwell, in his recent work on Code Pleading, at page 101, says: ''At com-

mon law, if the action was brought in case, the plaintiff alleged the breach of an implied duty. If the action was in assumpsit, he alleged the breach of an implied promise. The same proof would sustain either case. * * * The nice distinctions of the common law do not prevail under the code. Therefore neither the implied promise nor the implied duty need be alleged. All that is necessary is to state the facts showing a liability of the defendant to the plaintiff, either under an implied duty or a promise, and the pleading will be sufficient." At page 325 he says, further: "The subtile and refined distinctions which exist under the common law, and form so large a portion of the learning pertaining to pleadings in relation to trespass, are wholly abrogated. * * * In framing the petition, the wrong must be stated according to the facts. Thus if the action is for malicious injury to personal property, the plaintiff should allege that, on a day named, the defendant, maliciously intending to injure the plaintiff, mutilated and destroyed (describe the property, as a buggy,) the property of the plaintiff, of the value of $......, to the damage of the plaintiff in the sum of $......, for which he prays judgment. In most cases the intention is not material and need not be alleged, or, if alleged, need not be proved." Mr. Bliss says: "All forms of actions are abolished, and the pleader is required to state the facts that constitute the cause of action or the defense,—the facts that constitute the cause of action, and not facts that constitute a cause of action different from the one to be established. The cause of action is the wrong that has been suffered, and the facts that show the wrong show the cause of action. They are the facts to be found, and, upon principle, they are the facts to be stated by the pleader. * * * It should be borne in mind that fictitious averments are contrary to the letter, and especially to the spirit, of the new procedure. * * *" Bliss, Code Pl., p. 151, 152. Mr. Baylies, in commenting on the proposition that the pleader is not required to state more than the facts constituting his cause of action, and a demand for

judgment, makes the following observation: "An averment of a legal conclusion is of no avail against an admitted fact, and a statement of the law, as applied to certain facts stated, does not conclude even the party pleading it. An averment of a mere conclusion, without any fact to support it, will always be disregarded. Epithets will never outweigh inferences legitimately drawn from facts stated. * * * A pleading is ordinarily to be construed according to its entire scope and effect, rather than in accordance to a single expression therein. It may happen that after the statement in the complaint of a cause of action, which clearly indicates its nature and the relief sought, the pleader may insert an allegation foreign to such cause of action, inconsistent with, and unnecessary to be stated; and in such case the court, in construing the pleading, may disregard the unnecessary allegations, and treat it as stating only the cause of action set up by the other allegations." Baylies' Code Pl. c. 5, pars. 5-7.

In this case the plaintiff, after stating his real cause of action, needlessly elects to waive the real or imaginary tort, and attempts to plead a fictitious contract and promise to pay, growing out of the identical facts previously stated, which must be proved, in order to entitle him to recover, in any event; and, in our opinion, he is not concluded from proving his case by his erroneous statements and conclusions as to the legal effects of the facts previously stated in his complaint. In Bank v. Bush, 36 N. Y. 631, the court says: "A party is not estopped or concluded by a mistaken averment of the law in his pleading. The rule applicable to matters of fact is not applicable to matters of law; for such averments are uncalled for, and do not tend to mislead the opposite party." While the pleading is unusual as to form, and liable to mislead one called upon to determine its sufficiency without time for reflection, we are disposed to believe the learned court should have overruled the objection to the introduction of any evidence under the complaint. The judgment of the circuit court is therefore reversed and the case remanded for a new trial.

KELLAM, J. *(Concurring.)* I concur in the reversal of this case for this reason: The action was upon contract. The summons so states, and the complaint pleads that "defendant promised to pay;" that the consideration of this promise was corn and fodder "sold and delivered to defendant." Whether this was the same corn and fodder previously alleged to have been destroyed by cattle of which defendant had charge, does not appear. The complaint distinctly alleges that "the defendant promised to pay." We cannot assume that this was an implied promise, springing from the facts previously recited, so as to raise the question of the sufficiency of such facts to imply such promise. If defendant had expressly promised to pay, he would have been liable on such promise, and we cannot construe the complaint, for the purpose of this objection, to mean an implied, instead of an express, promise. Perhaps the evidence offered by plaintiff, as shown by respondent's additional abstract, was not admissible in this action, or sufficient to raise an implied promise by defendant, but that question was not involved in the objection to the sufficiency of the complaint. I think the complaint stated a cause of action.