## TANDERUP V. HANSEN.

1. On a second appeal the supreme court will not review a question decided on the former appeal.

2. A motion to direct a verdict must state specifically the ground on which the motion is based.

3. A motion to direct a verdict because "no cause of action has been made against the defendant under the pleadings," and "under the evidence in

this case the plaintiff is not entitled to recover," does not raise the question whether there was "evidence showing or tending to show that the plaintiff, before commencing this action, notified the defendant of any damage done by his cattle, or the probable amount thereof."

4. On a second trial a witness for plaintiff testified that a witness on the former trial was dead, that deceased testified on such trial, and that defendant was present.   He was then asked to state what such witness testified to with reference to certain facts, to which defendant objected, on the ground that the evidence was incompetent, irrelevant, and immaterial, and that no proper foundation had been laid.   *Held*, that the objection was too general to raise the question that no proper foundation was laid for such evidence by showing that the deceased witness was duly sworn, and that the witness could give the substance of the testimony of such deceased witness, both on direct and cross-examination.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Turner county.  Hon. E. G. SMITH, Judge.

Action in justice court to recover damages.   Plaintiff had judgment, and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Frènch & Orvis*, for appellant.

*R. B. Tripp*, for respondent.

CORSON, P. J.   This is the second appeal taken in this action.   The opinion of the court on the former appeal is reported in 58 N. W. 578.   The questions of law decided on that appeal have become the law of the case, and must control in all subsequent proceedings.   Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; Lumber Co. v. Mitchell (S. D.), 57 N. W. 236; Elliott, App. Proc. § 578.   On the former appeal the question of the sufficiency of the complaint was involved, and this court held that the facts stated in the first cause of action were sufficient to constitute a good cause of action, and that the evidence offered to support that cause of action should have been admitted by the court, and for the error of the court in excluding such evidence the case was reversed.   On the second trial in the circuit court that court very properly followed the decision of this court, and admitted the evidence offered tending to prove that

cause of action.   So far, therefore, as objections were made to this evidence on the ground that a sufficient cause of action was not stated, they must be disregarded by this court on this appeal.   This disposes of the first point made by counsel, namely, that the court below erred in admitting the evidence tending to sustain the first cause of action.

The second point made by counsel for appellant is as follows:   "The court erred in overruling defendant's motion to direct a verdict in favor of the defendant at the close of all the evidence, for the reason that there was no evidence showing or tending to show that the plaintiff, before commencing this action, notified the defendant of any damage done by his cattle, or the probable amount thereof."   Whatever merit there might have been in this point had it been stated in the motion to direct a verdict in the court below, it is not available in this court, for the reason that no such ground was stated in the motion in the trial court.   Where such a motion is made, the specific ground upon which the motion is made must be stated. It is due to the court and the opposing counsel that their attention should be called to the precise defect in the evidence or the ommission of evidence that the party claims entitles him to the direction of the verdict.   It is due to the court to enable it to pass understandingly upon the motion, and it is due to counsel that he may, if possible, supply the defective or ommitted evidence if permitted to do so by the court.   The only grounds stated in the motion in this case were:   (1) "That no cause of action had been made against the defendant, under the pleadings;" (3) "that under the evidence in this case the plaintiff is not entitled to recover."   The second specific ground in no way relates to the ground now relied upon.   It will be observed, therefore, that the attention of neither the court nor counsel was directed to the defect in the proof now claimed to have existed.   Mr. Hayne, in his work on New Trial and Appeal, in Sec. 116, quotes with approval from the opinion of the supreme court of California in Coffey v. Greenfield, 9 Pac. Coast Law J.

38, the following: "It is settled law in this state that a party moving for a nonsuit should state in his motion precisely the grounds on which he relies, so that the attention of the court and the opposite counsel may be particularly directed to the supposed defect in the plaintiff's case. The general ground above stated [that plaintiffs had not introduced any testimony tending to sustain the action] did not comply with the rule, and therefore the court did not err in denying the motion." In Baker v. Joseph, 16 Cal. 173, the court says: "It is next assigned that the court refused to nonsuit the plaintiff, because no demand was proven before suit. But this point, if it could have been well taken below, is not available here; this ground not having been taken before the district court." The motion for a nonsuit in that case "was made on the ground that the evidence did not support or prove a right to recover on either count" in the complaint.

Appellant's third point is as follows: "The court erred in permitting the witness Tanderup to testify, over defendant's objection, with reference to what Jens Christiansen testified to on a former trial of this case, on the ground that no sufficient foundation was laid therefor." On the trial, when the plaintiff was upon the stand as a witness, he testified: "I know a man by the name of Jens Christiansen. He is dead. He testified in this case before Justice Allen, at Hurley. * * * Q. At the time of that testimony the defendant, Mr. Hansen, was in court? A. Yes, sir. Q. You may state what he testified to with reference to the defendant's stock going upon your land." The defendant's counsel objected to the question as incompetent, immaterial, and irrelevant, and for the further reason that no proper foundation had been laid for the question. The court overruled the objection, stating at the time that his ruling was *pro forma* only. The witness then proceeded to give the testimony of the deceased witness, Jens Christiansen. The defendant's counsel neither before the witness testified as to the evidence of the deceased witness in the former trial nor on cross-

examination, asked the witness any question, and they made no motion to strike out the evidence. Appellant now contends that this evidence was inadmissible, for the reason that the proper foundation was not laid for its introduction, by showing that the deceased witness was duly sworn, and that the witness could give the substance of the testimony of the deceased witness, both upon direct and cross-examination. Respondent's counsel contend that there is nothing before this court to show that the witness could not give, not only the substance, but the testimony of the witness verbatim, and that, unless this court presumes error, which is not shown by the record, it cannot reverse the case upon this ground of error. It is a cardinal rule of appellate courts that one who alleges error must affirmatively establish the existence of the error by the record. Kent v. Insurance Co., S. D. 300, 50 N. W. 85. The appellant's counsel having failed to examine the witness as to his ability to give the substance of all the testimony of the deceased witness, both on his direct and cross-examination, and having made no motion to strike out the evidence of the witness, there seems to be much force in the position of the respondent, and we are inclined to the view that error is not affirmatively shown by the record in this case. But we do not decide this question at this time, as we are of the opinion that the objection taken was not sufficiently specific to entitle the appellants to a review of that objection on this appeal. The objection "that the proper foundation had not been laid" was too general to be available to the appellant in this court. The specific objection that it had not been shown that the witness could give the substance of all the testimony of the deceased witness, both on the direct and cross-examination, should have been made, in order to have called the attention of the court and opposing counsel to the particular point of the objection. Had the specific objection been made, and the attention of the court and counsel been called to the alleged defect in the proof, it might have been obviated at the trial. This question was fully discussed and con-

sidered in Mining Co. v. Noonan, 3 Dak. 189; 14 N. W. 426, and
in Agricultural Works v. Young (S. D.) 62 N. W. 432. In
Kiler v. Kimbal, 10 Cal. 268, the supreme court of California,
speaking by Mr. Justice FIELD, says: ''To entitle an objection
to notice, it must not only be on a material matter affecting the
substantial rights of the parties, but its point must be particu-
larly stated. * * * The party, as the authorities say, must
lay his finger on the point of the objection to the admission or
exclusion of evidence." See, also, Rice, Ev. §§ 362-364, and
cases above cited. We again quote the statement of Mr. Wait
in 3 Wait, Prac. 206, quoted in Mining Co. v. Noonan, supra:
''It is well established that the courts do not favor any unfair
or secret mode of raising an objection, and therefore any
objection which might have been fairly answered if season-
ably made will be disregarded on appeal, unless specifically
taken below." A party who makes objection to the admis-
sion of evidence is presumed to have in his mind the
precise point upon which his objection is made, and he must
therefore disclose to the court and opposing counsel the
precise ground upon which he bases his objection; and, fail-
ing to do so, he cannot complain if his objection is overruled
unless his objection could not have been obviated by other evi-
dence, or otherwise met at the trial. We may reasonably pre-
sume in this case that, had the opposing counsel's attention
been called to the specific objection to the question now pre-
sented to this court, an effort, at least, would have been made
to supply the proof that would have qualified the witness to
give the testimony of the deceased witness. He had proven that
the witness was dead; that he testified on the former trial; that
the defendant was present, and was proceeding to prove the
substance of the testimony. The objection, therefore, that the
evidence was incompetent, irrelevant and immaterial, and that
"the proper foundation had not heen laid," was not calculated
to call the attention of the counsel or the court to the point now
made. Whether the objection if properly made was a

valid one, which ought to have been sustained, we do not now decide.  Neither do we decide that the admission of the evidence, if the objection had been properly taken, would have constituted reversible error.  Substantially the same rules govern as to the particular character of objections to evidence and ground of motions for the direction of verdicts in order to secure the review of the rulings made by the trial courts by this court.  Unless the court below and the opposing counsel have been fairly advised of the point of objection to evidence, or the ground relied upon for the direction of a verdict, the exceptions to the rulings thereon will be disregarded by this court.  The judgment of the circuit court is affirmed.