PARKER v. RANDOLPH *et al.*

1. In an action to foreclose a mortgage assigned by E. to plaintiff, it appeared that, after the assignment, E. cancelled the mortgage of record without payment, and without plaintiff's knowledge; that afterwards two mortgages on the same land were given to one L.; and that the mortgagor gave L. a quitclaim deed to the land. L. testified that his deed was received in payment of the said two mortgages, and that, "in the month in which these two mortgages were purchased, I had a loan of $2,500 paid off, and, under general instructions to E., the amount so paid off was reinvested" in such mortgages. *Held*, that the court properly found that E. was the agent of L., and that he was charged with E's knowledge.

2. Questions decided on a former appeal will not be reversed on a second appeal in the same action where the facts are substantially the same.

(Opinion filed Jan. 11, 1898.)

Appeal from circuit court, Spink county; Hon. A. W. CAMPBELL, Judge.

Action to foreclose a real estate mortgage. From a judgment and decree for plaintiff, defendant Lane appeals. Affirmed.

The facts are stated in the opinion.

*E. H. Aplin,* for appellant.

*R. B. Hassell* and *John J. Myers,* for respondent.

HANEY, J. It was held in this action, upon a former appeal that defendant Lane was not a *bona fide* purchaser of the premises covered by plaintiff's mortgage. Parker v. Randolph, 5 S. D. 549, 59 N. W. 722. Questions decided upon a former appeal become the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same action when the facts are substantially the same. The record on a former appeal will be examined to ascertain what facts and questions were before the court in applying the foregoing rule. Wright v. Lee (S. D.) 72 N. W. 895; Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073. Upon the former appeal this court concluded, from the evidence of defendant Lane, that Emery who discharged plaintiff's mortgage without authority, and invested Lane's funds in mortgages upon the same property, knowing plaintiff's mortgage was not paid, acted under authority from Lane, and that the latter was charged with his agent's knowledge. On the second trial the circuit court found the relations between Emery and Lane to be the same as they were found to be by this court on the first appeal. There was no error in this, because Lane's testimony on both trials was substantially, if not identically, the same. Surely, he cannot complain if his own testimony is taken as true. He testifies that his "deed was given in payment or satisfaction of the two mortgages that subsisted upon the property prior to the conveyance"; that, "in the month in which these mortgages were purchased, I had a loan of $2,500 paid off, and, under general instructions to Emery, the amount so paid off was reinvested." These unqualified statements are not contradicted, and they fully sustain the finding of the circuit court as to the employment and agency of Emery. The fact that Emery

had personal interests adverse to his principal, and reinvested funds intrusted to him as an agent improperly, does not negative the fact that he was employed to reinvest such funds; nor does it negative the fact, apparent from all the evidence, that Lane parted with all the money given for the land in question, relying solely upon the integrity of Emery as his agent.

In the view we have taken, it becomes unnecessary to determine the character of the deeds conceded upon the former appeal to have been quitclaims, as Lane himself testifies that his deed was given in payment or satisfaction of the mortgages subsisting upon the property prior to the conveyance; and, as we have shown, he parted with the consideration of such mortgages, with notice, through his agent, that plaintiff's prior incumbrance was unpaid. The judgment of the circuit court is affirmed.

CORSON, P. J. (concurring). I concur in the foregoing opinion, holding in effect, that the discharge of the said $1,200 mortgage was fraudulently made, executed and recorded by Emery, while acting as the agent of the defendant Lane, and that Lane was charged, in law, with knowledge of his agent, and hence, without regard to the form of the deeds under which he claimed, was not a *bona fide* purchaser. With such notice Lane could not, in my opinion, have been an innocent purchaser, even under deeds with full covenants of warranty. Moelle v. Sherwood, 13 Sup. Ct. 426, 148 U. S. 21. Taking the view that the opinions of this court on the former appeal were based mainly upon the form of the deeds under which Lane claimed title, I dissented, without giving the theory upon which this court now places its decision any consideration. The question now presented by the findings of the court and the briefs of counsel was not directly raised on that appeal, either by assignments of error or on the argument. The views expressed in my dissenting opinion (to which I still adhere) did not touch the question now presented and decided.