BEM *et al.* v. SHOEMAKER *et al.*

1. A question deceided in a case on a former appeal becomes the law of such case.

2. On the refusal of the administrator to bring an action for the recovery of lands alleged to belong to the estate, the heirs may bring such action.

3. The claim that damages on an appeal bond could only be assessed by a reference, as provided by Comp. Laws, ¿ 5234, having been decided by a decision on a previous demurrer, and as such decision is conclusive on all questions that might have been raised in disposing of such demurrer, is not reviewable on a subsequent appeal, though not discussed on the former appeal.

4. Evidence that an administrator refused to bring a former action for the recovery of lands belonging to the estate, and on appeal became a surety on the appeal bond, was sufficient to sustain a finding that he refused to bring the present action on such undertaking.

5. In an action on an appeal bond given in an action by heirs to recover property from the widow alleged to belong to the estate, counterclaims as to her allowance as widow and her interest in the estate will not be considered.

6. Where the heirs have brought suit on an appeal bond given in an action to recover property belonging to the estate, which action the administrator refused to bring, the judgment on such bond should be paid to the administrator, to be by him administered. Fuller, J., dissenting.

(Opinion filed Feb. 2, 1898.)

Appeal from circuit court, Bon Homme county; Hon. F. B. Smith, Judge.

Action on an undertaking on appeal. Plaintiffs had judgment, from which and from an order overruling their motion for a new trial, defendants appeal. Modified and affirmed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees,* for appellants.

"The question as to whether the court will reconsider upon a second appeal what it has formerly decided in the same case must always be addressed to the discretion of the court and be determined according to the peculiar circumstances of each case." Kempner vs. Huddleston, (Tex.), 37 S. W. 1066; Ewin v. Waggoner, 116 Mo. 143; Bell v. Railroad, 86 Id. 599.

*C. H. Dillon* and *R. B. Tripp,* for respondents.

The questions of law decided upon a prior appeal become the law of the case and must control in all subsequent proceedings. Tanderup v. Hansen, 8 S. D. 375; 66 N. W. 1073; Bank v. Gilman, 3 S. D. 172; 5 N. W. 869; Lumber Co. v. Mitchell, 4 S. D. 487; 57 N. W. 236; Elliott, App. Proc. § 578.

Corson, P. J.     This is an appeal from a judgment entered in favor of plaintiffs for the sum of $6,873.14 upon an undertaking on appeal to this court in the case of Bem v. Bem, reported in 4 S. D. 138, 55 N. W. 1102, executed by the defendants, except Fred Heiser, as administrator, and in said judgment is the following clause: "It is further ordered and adjudged that the said Fred Heiser, administrator of the estate of Frank Bem, deceased, who has appeared herein, has no right, title or interest in and to this judgment, and is not entitled to the recovery of costs against any of the parties hereto." The present case was before this court on appeal from the order of the circuit court sustaining a demurrer to the complaint, and the order reversed. This latter decision is reported under the title of Bem v. Shoemaker, 7 S. D. 510, 64 N. W. 544. Numerous errors are assigned, but the learned counsel for appellants devote a large portion of their brief to the contention that the court erred in its two decisions on the former appeals. We had supposed the doctrine that a point decided on a former appeal became the law of the case was so firmly established as not to be questioned in a second or any other appeal involving any branch of the case. This court has so held in these cases. Bank v. Gilman 3 S. D. 172, 52 N. W. 869; Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073. But, independently of this doctrine, we are satisfied that the decisions on the former appeals were sound, and correctly enunciate the law applicable to that class of cases. The facts are so fully stated in those opinions that a very brief reference to them is all that will be necessary to a proper understanding of the questions involved. Frank Bem, the father of the plaintiffs, and husband of Emilie Bem (now Shoemaker), died in 1890, intestate, and Fred Heiser was appointed administrator of his estate. The plaintiffs, children of said Bem by a former wife, claiming that said Bem left a considerable amount of real and personal property but which had for certain reasons been placed in the name of his said wife, Emilie

Bem, and said property not having been included in any inventory of the estate filed, requested the said Heiser, as administrator, to institute proceedings against the widow, Emilie Bem, to recover said property for the estate. This Heiser declined to do, claiming that the said property was the property of said widow, Emilie Bem. Thereupon the plaintiffs, as heirs, brought an action against said Emilie Bem to recover said property for the estate. The trial court found in favor of the plaintiffs, and entered a judgment requiring said Emilie Bem to turn over all the property held by her, real and personal, to the estate. Emilie Bem appealed to this court from said judgment, and gave the undertaking the subject of the second appeal. This court affirmed the judgment as to the personal property, but modified or reversed it as to the real property. Counsel for appellants now insist that, notwithstanding the administrator refused to bring the action, the heirs had no remedy other than to apply to the court for the removal of Heiser and the appointment of a new administrator, who would institute the action, and the counsel refer us to Section 5758, Comp. Laws, which provides that when an administrator has wasted or embezzled the estate, or is about to do so, he may be suspended, etc. But there was nothing in the record in the appeal of Bem v. Bem that indicated that at that time Heiser was embezzling or mismanaging the estate. The administrator may have honestly believed that Emilie Bem was the owner of all the property in her name, claimed by the plaintiffs to belong to the estate, and in good faith refused to expend the assets of the estate in what he believed would be a fruitless effort to recover it for the estate. In such case the county judge may not have deemed it proper to remove or suspend him as administrator. But would the heirs then be without remedy? That they would seems to be the opinion of counsel. If they would have no remedy, there must be a serious defect in the law. Courts of equity are always open to heirs, creditors of an estate, and stockholders in a corporation, to give

them redress whenever those whose duty it is to protect the
trust property refuse to perform their duty.   As early as 1814
the learned Chancellor Kent, when stating the general rule,
also adds that there are exceptions to the rule; such as the in-
solvency of the executor, collusion between the executor and
debtor of the estate, or where there is some other special case
not exactly defined.   Long v. Majestre, 1 Johns. Ch. 305;
Hagan v. Walker, 14 How. 29; Van Dyke v. Van Dyke, 31 N.
J. Eq. 176; Bate v. Graham, 11 N. Y. 237.   In the latter case
one of the headnotes reads as follows:   "But if the executor or
administrator collude with the fraudulent vendee, or after rea-
sonable request, refuse to take proceedings to impeach his title,
and reach the property in his hands, a creditor may maintain
an action against him and the executor or administrator for that
purpose."   It is true, these were all cases in which creditors of
the estate brought the action; but in the recent case of Randel
v. Dyett, 38 Hun, 347, the same principle was applied to heirs,
and an action instituted by one of the heirs of the estate was
sustained.   In that case the court says:   "The person, however,
who represents the estate, will not defend it.   He will not bring
an action to set aside the transfer made by himself under these
circumstances.   To meet this state of facts it is an acknow-
ledged principle in our law that when a person whose duty it is
to act refuses, a party injured by the refusal may act in behalf
of the injured estate.   * * *   An heir at law is surely injured
by a fraudulent transfer.   * * *   The heir has the right to
have his father's property applied as directed by statute."   It
will be noticed that the decision proceeds upon the theory that
the estate should be protected, and, as the administrator re-
fused to institute the action, the heir could bring it in his own
name.   In none of the cases is the remedy proposed by the
learned counsel for appellants, namely, application to the pro-
bate court for a removal of the administrator, and the appoint-
ment of another in his place, suggested or referred to by the
court, but the decisions are placed upon the broad ground that,

when a party whose duty it is to protect the interests of the estate refuses so to do the party beneficially interested may take the necessary proceedings to so protect it. It will thus be seen that the court, in holding that the heirs of the estate, after the refusal of the administrator to act, could maintain the action, announced no new doctrine; and established no new theory, but simply followed in the line of the adjudicated cases.

The contention that the case of Bem v. Bem was not affirmed has been fully answered in the second opinion of this court, and need not be further discussed, as that decision must be regarded as the law of this case.

The contention of appellants that the damages on the undertaking could only be assessed by a reference, as provided by Section 5234, Comp. Laws, must be regarded as settled by the decision upon the demurrer, and cannot now be raised upon this appeal. It is true that the question now presented was not discussed by counsel or the court, but the decision upon demurrer is conclusive of all questions that might have been raised or considered in disposing of the demurrer, and is not, therefore, open for review on this appeal.

This brings us to the merits of this appeal. Numerous errors are assigned, but we shall only consider those discussed in appellants' brief. It is contended by appellants that the evidence is not sufficient to support the court's sixteenth finding that the administrator, Heiser, refused to bring this action upon the undertaking. It seems to us the evidence fully justified the court in making this finding. It was shown that he refused to bring the first action of Bem v. Bem, and that on the appeal taken from the judgment of the circuit court to this court he became one of the sureties on the undertaking. Having refused to bring the action in the first instance, and taking such interest in favor of the defendant as against the plaintiffs as to become surety upon the undertaking upon which this action is brought, a further demand upon him was unnecessary. While it is possible for one to bring an action in his representative capacity

against himself in his individual capacity, the proceeding is an unusual one, and the plaintiffs were not required to place him in that position.

It is next contended that the judgment is excessive, for the reason that certain counterclaims on the part of Emilie Shoemaker were not allowed to be introduced in evidence. We find no merit in this contention. The counterclaims sought to be introduced were claims as to her allowance as widow and her interest in the estate, etc. These were not matters to be investigated in this action. She had been directed to turn over to the estate certain personal property in her possession. When the appeal was affirmed as to this personal property, it was her duty to turn it over, that it might be administered upon as other property of the estate. Failing to turn it over, the sureties became liable for its value, and that was what the plaintiffs seem to have recovered in this action. When that fund becomes a part of the estate Mrs. Shoemaker can proceed to obtain the allowances to which she may be entitled by law, and when the estate is finally settled, her proportion of the estate.

The further contention of counsel that the judgment should have been in favor of the estate, and not in favor of the plaintiffs personally, is entitled to serious consideration. The theory upon which the heirs are held entitled to bring the action is to recover the assets of the estate for the benefit of the estate, and not for the personal benefit of the heirs directly. In instituting and maintaining this action the heirs proceed in place of the administrator, whose duty it was to bring the action; and the personal property which it was adjudged that Emilie Bem held as trustee for the estate belonged to the estate, and not to the heirs individually. The money sought to be recovered as the value of this personal property also belongs to the estate, to be administered upon as other assets of the estate. The contention of the respondents that the fund recovered upon the appeal undertaking in this case belongs to the plaintiffs in their individual capacity cannot be sustained. It is true that the

undertaking was nominally given to them, but to them in the capacity in which they were acting for the estate. No change in the form of the proceedings would give to the heirs any new rights. Until the proceedings are entirely concluded and the assets belonging to the estate are in the hands of the administrator, the heirs retain their capacity in which they instituted the action, namely as plaintiffs in place of the administrator; and the funds collected on the judgment in this action should be paid over to the proper administrator. The rights of the plaintiffs to their proportion of the fund can properly be determined in the probate court under proper proceedings for that purpose. Upon no other theory can the proceedings on the part of the plaintiffs be sustained. It is unfortunate for the plaintiffs that the administrator, now assuming to perform the duties of the office, is apparently unfriendly to them; but, if retained, it is to be presumed that the county judge will see that plaintiffs rights are protected, and that they receive their proper proportion of the estate when the same is finally settled.

These conclusions seems to follow: The judgment of the circuit court should be modified so as to provide that the amount of the judgment shall be paid to the administrator, to be by him duly administered on in due course of administration, and when so modified, the same is affirmed. No costs or disbursements will be allowed to either party in this court, except the clerks fees, to be taxed in favor of respondents.

FULLER, J., dissenting.