PLYMOUTH COUNTY BANK v. GILMAN.

1. Where a note and mortgage were transferred to an incorporated bank as collateral security and for collection, evidence of the statement of the cashier of such bank, made while the note and mortgage were still in the bank uncollected, to inquiries as to whether or not they had been collected, that the failure to collect the note and mortgage was

the "fault" and "neglect" of the bank, was not admissable, such statement not being the statement of any fact in the line of his duty as such cashier, nor within the scope of his authority as an officer of the bank, but the mere expression of his opinion as to the conduct of the bank.

2. The principal question in issue in this case was as to whether or not the bank had been guilty of negligence in collecting the note and mortgage. Upon such an issue, evidence of the statement of the cashier of the bank that the failure to collect the note and mortgage was the "fault" and "neglect" of the bank was important, and this court cannot say that the admission of this evidence did not unjustly prejudice the plaintiff's case.

3. A question decided by the supreme court on a former appeal becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case when the facts are substantially the same.

4. The same rule applies where the former decision was made by the late territorial supreme court, this court being the successor of that court.

5. A record on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were before the court, so as to see to the proper application of the rule that such decision is the law of the case.

(Syllabus by the Court.  Opinion filed June 18, 1892.)

Appeal from circuit court, Minnehaha county.  Hon. FRANK R. AIKENS, Judge.

Action to recover $412 on a promissory note.  The defendant answering set up a counterclaim, that at the time he executed the note he gave the plaintiff notes amounting to $1,150 and a mortgage securing them as collateral, with the agreement that the bank should collect them and apply the proceeds upon the note in question.  That by its negligence said notes and mortgage were not collected and had become worthless.  Judgment for defendant.  Plaintiff appeals.  Reversed.

The facts are fully stated in the opinion.

*Winsor & Kittredge,* for appellant.

A declaration or admission by an officer of a bank does not bind the bank.  Goetz v. Bank, 119 U. S. 551; Bank v. North, 6 Dak. 136; Packet Co. v. Clough, 20 Wall. 528; Insurance Co. v. Mahone, 21 *Id.* 152; Bank v. Bank, 60 N. Y. 278; Bank v. Stewart, 37 Me. 519; Baldwin v. Doubleday, 8 Atl. 576; Edmonds v. Curtis,

9 Pac. 793; Clunie v. Lumber Co., 7 Pac. 708; Randall v. Telegraph, 11 N. W. 419; Steamship v. Landrith, 102 Pa. St. 131; Railroad v. Riddle, 60 Ill. 534.

A pledger of negotiable collateral securities is not liable for the misconduct or gross negligence of his agent or attorney, employed to collect them, where he has in good faith exercised reasonable care and judgment in his selection. Bank v. Martin, 1 La. Ann. 344; Story on Agency, 190; Parley on Agency, 945; Baldwin v. Bank, 1 La. Ann. 13; Livermore v. Agace, *Id.* 354; Hidd v. Bank, 17 La. 566; Frazier v. Bank, 2 Robinson, 296; Bank v. Page, 44 N. Y. 453.

Section 5047, Comp. Laws, is mandatory. Penhryn v. Meyer, 8 Bailey, 61; 1 Thompson's Trials, § 258; Heffron v. State, 8 Fla. 73.

*Palmer & Rogde*, for respondent.

The pledger of collateral securities must act promptly in their collection. Sections 4392-4417, Comp. Laws; Roberts v. Thompson, 14 Ohio St. 1; Jennison v. Parker, 7 Mich. 355; Selvin v. Morrow, 78 N. Y. 454; Union Trust Co. v. Reydon, 93 Ill. 458. The declarations of the cashier of the bank in this case made at the time of the transaction are binding upon the bank. Burnside v. Railroad, 47 N. H. 554; Morse v. Railroad, 72 Mass. 345.

It was the duty of the bank to use diligence in collecting the collateral securities, and any loss resulting from its negligence should be borne by it. Lyons v. Bank, 12 Serg. 61; Bank v. Smith, 62 Pa. St. 47; Bank v. Graham, 79 Pa. St. 106; Minehead v. Kirkpatrick, 21 Pa. St. 237; Westphal v. Ludlow, 2 McCrary, 505; Semple v. Delwiller, 2 Pac. 511; Lambertson v. Windom, 21 Minn. 151.

The defendant, admitting all the facts of the complaint and setting up a counterclaim, had the right to open and close the argument to the jury. Dille v. Lowell, 37 Ohio St. 415; Gass v. Turner, 21 Vt. 437; Fry v. Bennett, 28 N. Y. 329; Montgomery v. Swindler, 32 Ohio St. 226; Railroad v. Clapp, 1 Cush. 563; Railroad v. McWhinney, 36 Ind. 444; Winnesimmet v. Grueby, 111 Mass. 543; Railroad v. Doren, 17 Minn. 188; Chesley v. Chesley, 37 N. H. 228; Ayer v. Austin, 6 Pick. 224; Neff v. Cincinnati, 32 Ohio St. 215.

CORSON, J.    Appeal by plaintiff from a judgment in favor of defendant for $530 and interest on a counterclaim.    This was an action by the plaintiff to recover of the defendant $412, and interest, on a certain promissory note, given by the defendant to the plaintiff, bearing date January 18, 1875.    The defendant answered, admitting the execution and nonpayment of the note, and pleaded by way of counterclaim that at the time he executed said note he transferred to the appellant, which will be hereafter designated as the bank, six promissory notes, amounting to $1,150, and a mortgage securing the same, executed by one Mason as collateral security for the payment of his said notes; and also with the agreement that said bank should collect said Mason notes and mortgage for a commission of 10 per cent. and the costs of collection.    He further alleges that at the time he so transferred said Mason notes and mortgage to the bank the mortgaged property was of greater value than the face of the said notes; that he had not received anything on account of said notes and mortgage; that through the negligence of said bank said Mason notes were not collected; that the maker had become insolvent, and the mortgaged property had become worthless; and that by reason of said negligence the defendant has been damaged to the amount of the face value of said notes and interest; and prayed for a judgment against the bank for the amount of said notes and interest, less the amount due on his own note to the bank. ˙ The bank, in reply to said counterclaim, denied all negligence, and alleged affirmatively that it sent the said Mason notes and mortgage to a reputable firm of attorneys for collection, and instructed them to proceed and collect the same; that said attorneys did proceed to foreclose said mortgage, but failed to realize from such foreclosure and sale of the mortgaged property a sum more than sufficient to pay the expenses, costs, and charges of such sale.    It further alleged that, if there was any negligence in enforcing the collection of said notes and mortgage, it was the negligence of the attorneys employed by it, and not of the bank, and that it was not, therefore, responsible for such negligence, as it had performed its duty by using due care in the selection of competent and reputable attorneys to conduct the foreclosure proceedings.    On the

trial, the defendant gave evidence tending to prove the facts substantially as alleged in his answer, subject to certain objections and exceptions that will be hereafter noticed. The plaintiff also gave evidence tending to prove the facts alleged in its reply, which were substantially as follows: That in the latter part of June, 1875, the said Mason notes not being paid, it sent them to a reputable firm of attorneys, with instructions to foreclose the mortgage given to secure them; that an action of foreclosure was in a short time thereafter commenced, and a judgment of foreclosure rendered in October, 1876, but no sale of the mortgaged premises was made thereunder; that in 1880 the said attorneys, deeming the service made, upon which the judgment of foreclosure was obtained, insufficient, they caused said judgment to be vacated and set aside, and a new service of process made by publication, and thereafter entered a new judgment, upon which a sale of the mortgaged premises was made in the fall of 1881, and that at such sale the property was sold for a sum about sufficient to pay the expenses of sale. It also proved that the firm of attorneys retained by it was a reputable firm, and this fact was not controverted. Numerous errors are assigned, which may be condensed and considered under four heads: (1) Error of the court in admitting evidence of the defendant as to the statements made to him by the cashier of the bank in the spring of 1875; (2) error of the court in admitting evidence of the value of the mortgaged property during the six months after the Mason notes and mortgage came into the possession of the plaintiff; (3) error of the court in refusing to direct a verdict for the plaintiff; and (4) error of the court in permitting counsel for the defendant to open and close the case to the jury.

1. The defendant testified that in January, 1875, after obtaining the loan from the bank, evidenced by his note of $412, and transferring the Mason notes and mortgage to the bank, he left for the east, where he remained until the spring of 1875; and that soon after his return he called at the bank, and had a conversation with the cashier, from whom he obtained the money. He was then asked the following question: "State what talk you had concerning these (Mason) notes at that time." To which he answered:

"I went in and asked him how much he collected; if he got all the notes. He said, 'No,' and I was surprised, and found fault with him." Plaintiff's counsel objected to any evidence as to the statements of the cashier, on the ground that such statements were incompetent, irrelevant, and immaterial, and upon the further ground that an admission of the cashier of the bank is incompetent, as he cannot bind the bank by such admission. The objection was overruled, and plaintiff duly excepted. Witness then continued: "He said it had been hard times; hated to push him. * * * Told me there was no need of worrying; it was their fault. * * * The cashier told me he would wait, and take it (interest) out of these notes. It had been through their neglect; and that he didn't consider the interest." Plaintiff's counsel then moved the court to strike out this evidence, which motion was denied, and plaintiff excepted. The principal ground relied on to sustain the motion was that the admission of the cashier of the bank was incompetent as against the bank, and that an officer of a bank cannot, by such admission, bind the bank, except when he is engaged in transacting the business in which the admission is made. The counsel, in support of their position, rely upon the case of Bank v. North, 41 N. W. Rep. 736, 50 N. W. Rep. 621, 6 Dak. 136. In that case it was sought to give the statement of the president of the bank in regard to a certain mortgage executed to the bank three days previous to the statement. The court held that the statement of an officer of the bank, made after the transaction was closed, could not be received to bind the bank; that the statement of an officer of a corporation, not made at the time of the transaction, and as a part of it, and not, therefore, constituting a part of the *res gestae*, was inadmissible to bind the corporation. But the case at bar presents a very different question from that presented in the case cited, and must be controlled by other principles of law. In this case the transaction in relation to the Mason notes and mortgage was not closed. It was a transaction begun in January, 1875, but not closed until the sale of the mortgaged property in 1881, and hence the statement of the cashier as to the fact that the notes were not collected, and what steps the bank had taken in regard to the collection, were, per-

haps, competent, as statements made in the line of his duty, and while the transaction was still pending. This law is well illustrated by the cases of Morse v. Railroad Co., 6 Gray, 450, and Simpson v. Waldby, 63 Mich. 439, 30 N. W. Rep. 199. In the former case, in an action by a passenger for the loss of his trunk, the admissions of the baggage master as to the manner of the loss, made the next morning in answer to the inquiries by the owner of the trunk, were held competent as against the company, it being part of the duties of such agent to deliver the baggage of passengers, and to account for the same if missing, if inquiries are made within a reasonable time. In the latter case, drafts were deposited with a bank for collection. In a suit against the bank to recover the amount of the drafts the plaintiff testified to a statement made by the bookkeeper of the bank, when he, plaintiff, was calling at the bank, and looking for his money, that the drafts had been paid; and the court held it was admissible, as it was an admission made in the course of his duties and his agency, and constituted a part of the *res gestae.* Burgess v. Wareham, 7 Gray, 345; Burnside v. Railroad Co., 47 N. H. 554. But in this class of cases the courts are careful to limit the admissions to the statements that an officer or agent of a corporation is authorized to make to inquiries made of him in the line of his duty, and while the transaction is still in process of completion, and to the statement of facts only that are necessarily communicated. But while we think it was competent to give the statement of the cashier as to any fact relating to the collection of the notes, we are of the opinion that it was not competent to give his statements that the failure to collect the notes was the "fault" and "neglect" of the bank. Those were not the statements of facts relating to the collection or noncollection of the notes, but an expression of the mere opinion of the cashier as to the conduct of the bank. It was no part of his duty as cashier, or in the line of his duty, to express any opinion as to the performance or failure to perform its obligations to the defendant. That the evidence was important, and must necessarily have had great weight with the jury in deciding the issue in this case, cannot be doubted. This issue, as we have seen, was as to whether or not the bank had been guilty

of negligence in failing to collect the Mason notes. Hence, upon such an issue, the statement of the cashier—the principal officer of the bank—that the failure to collect was the "fault" and "neglect" of the bank was very material, and this court cannot say that the admission of this testimony did not unjustly prejudice the plaintiff's case. That question was one for the jury to decide upon all the facts in the case, uninfluenced by the statement of an officer of the bank as to his opinion of the conduct of the bank. For the error in admitting this evidence, and in refusing to strike it out after its admission, the judgment of the circuit court must be reversed, and a new trial granted.

There is another important question presented and discussed in this case that will probably arise on another trial, and hence we deem it proper to express our views upon it on this appeal. At the close of the evidence, counsel for the bank moved the court to direct the jury to bring in a verdict in its favor, which motion the court denied. This ruling of the court is assigned as error. The learned counsel for appellant contend that the bank having shown by the uncontradicted evidence that it sent the Mason notes and mortgage to a reputable law firm, with instructions to proceed and collect the same, it performed its duty to the defendant, and, if any loss occurred by reason of the negligence of such attorneys, the bank was not liable therefor. The learned counsel for the respondent, in answer to this proposition, insist that that question was settled by the late supreme court of the territory on a former appeal in this case, and has therefore become the law of the case. An examination of the records and statement of the appeal in Bank v. Gilman, 6 Dak. 304, 50 N. W. Rep. 194, discloses the fact that on a former trial, upon substantially the same evidence as given on the second trial, resulting in the judgment from which this appeal is taken, the learned judge who then tried the case, on motion of plaintiff's attorneys, directed a verdict in favor of the plaintiff. From the judgment entered thereon the present respondent appealed to the supreme court of the territory, and that court reversed the judgment of the court below, and granted a new trial. No opinion seems to have been written in the case, but it is clear from the statement of the facts and questions in-

volved on that appeal that the precise question now presented was decided by that court. The records on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were then before the court, so as to see to the correct application of this rule that such decision is the law of the case. McKinlay v. Tuttle, 42 Cal. 571. The facts being found to be the same, the rule applies that a decision of the supreme court in a given case becomes the law of the case in all of its subsequent stages, and will not be reviewed when the case comes up on a second appeal, the facts being the same. Donner v. Palmer, 51 Cal. 629; Russell v. Harris, 44 Cal. 489; Page v. Fowler, 37 Cal. 100; Yates v. Smith, 40 Cal. 662; Davidson v. Dallas, 15 Cal. 75; Little v. McAdaras, 38 Mo. App. 187. Had the second appeal, now before this court, been taken to the late territorial supreme court, the former decision of that court, upon the precise question now presented, would undoubtedly have been conclusive upon the parties in this particular case; and we are of the opinion that this court, as the successor of that court, is equally bound by the rule. Any other rule would introduce great uncertainty in the proceedings of courts, and produce the "inconvenience" that it was the object of the constitution of this state to guard against. Sections 1-4, art. 26, Const. With this view of the effect of the decision of the territorial supreme court, we think the question presented is not open for discussion on this appeal, and that that decision is conclusive upon the question upon this appeal. The learned court below tried the case upon the theory that such decision was the law of the case, and in doing so we think he committed no error.. Judgment reversed and a new trial granted. All the judges concurring.