## STATE v. WESTERN SURETY CO.

A complaint in an action on a bail bond conditioned on ac- cused appearing and answering to any indictment found against him in the circuit court at its next regular term, which sets forth the proceedings before the justice resulting in the holding of ac- cused to answer a criminal charge in the circuit court, and which al- leges that at the term of the circuit court accused did not appear and answer the charge which was duly and regularly made against him in the circuit court, sufficiently charges that accused was either indicted in the circuit court or that an information was filed against him.

The failure of one bound over to the circuit court to answer a criminal charge to appear and answer to an information filed is a breach of his bail bond conditioned on his appearing and answer- ing an indictment found in the circuit court against him, since Sess. Laws 1895, c. 64, § 4, making the provisions relating to pro- ceedings on indictments applicable to informations and prosecutions thereon, eliminates the distinction between an indictment and an information.

Under Civ. Code, § 1968, providing that the obligations of bail are governed by the statutes specially applicable thereto, the pre- sumption that an obligation is joint, and not several, which arises under section 1118, does not depend on the particular language in the bail bond, but on the particular obligation imposed on the per- sons therein named as bail.

The word "bail," as a verb, means to deliver an arrested person to his sureties on their giving security for his appearance at a time and place designated to submit to the jurisdiction and judgment of the court, and in its substantive sense it may be defined as the sureties into whose custody the person is delivered, and who are considered as having control of his person.

The word "bail," in Code Cr. Proc. §§ 585-587, 589-592, providing that bail by sufficient sureties may be admitted on all arrests in criminal cases, that any party charged with a crime and admitted to bail may be arrested by his bail at any time, and providing for forfeiture of bail, etc., applies to the sureties only, and the obligation assumed by the sureties in a bail bond is the obligation contemplated by the Code of Criminal Procedure, and the obligation assumed by a surety in a bail bond who therein undertakes that the principal shall appear and answer to a criminal charge, is not affected by the fact that the principal also signed the bond, and an action on the bond for its breach may be brought against the surety alone.

Where all the facts are stipulated, and there is no issue to be tried by the court, findings of fact are not necessary, as findings of fact are only required where there are issues to be tried by the court.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the State against the Western Surety Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant.

An individual executing an instrument already signed by others named as parties to it, thereby becomes a party to the instrument and is bound by it, although not named in the body of the writing. Perkins v. Goodman, 21 Barb. 218; Smith v. Crooker, 5 Mass. 538; Thomas v. Gumaer, 7 Wend. 43; ex parte Fulton, 7 Cow. 484; Scheid v. Leibschultz, 51 Ind. 38; Potter v. State, 23 Ind. 550. A contract with several persons for the payment to them of a sum of money is a joint contract with all and all the payees therein have a joint interest so that no one can sue alone for his proportion, but all must join in an action for the whole. 1 Pars. Cont., p. 13; Bliss Cd. Pl., sec. 91; Pom Cd. Rem., 3rd sec. 277; Bowen v. Crow, 20 N. W. 850; Slutts v. Chafee, 48 Wis. 617; U. S. v. Price, 9 How. 83. The bail is

entitled to stand on his contract according to its terms, and no indictment having been found, his obligation has not been broken. Felton v. State, 18 S. E. 432.

M. J. Russell, State's Atty. for Hamlin County, for the State.

Section 4, Chapter 64, Session Laws of 1895, for all intents and purposes, renders the words "indictment" and "information" synonymous and interchangeable in our state. It is not necessary for the trial court to make conclusions of law when both parties have stipulated as to what the facts are. Brown v. Brown et al., 12 S. D. 506.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff upon a stipulation of facts. The action was instituted to recover of the surety company $500 on account of a defaulted undertaking in a criminal action prosecuted by the state of South Dakota against John Magnus. The material parts of the undertaking are as follows: "State of South Dakota, County of Hamlin—ss.: In justice court, before M. H. Newton, J. P. An order having been made on the 26th day of June, A. D. 1908. * * * that John Magnus be held to answer upon the charge of selling intoxicating liquors without a license upon which he has been duly admitted to bail in the sum of $500.00, we, Western Surety Company ——— hereby undertake that the above-named John Magnus shall appear and answer the charges above mentioned, and any indictment that may be found against him in the premises, in the circuit court of the county of Hamlin, * * * at the next term thereof and at all regular, special and additional terms of said court held in said county, * * * and, if convicted, shall appear for judgment, and render himself in execution thereof; or, if he fails to perform either of these conditions, that we will pay the state of South Dakota the sum of $500.000. [Signed] John Magnus, Western Surety Company." The plaintiff in its complaint sets out the proceedings before the justice court, and alleges that the defendant made, executed, and entered into and delivered the bond, a copy of which is annexed to the complaint. It further alleges that: "At said term of circuit court, so held, the said John Magnus did not appear and answer

the said charge which was duly and regularly made against him in said court at said time and place and has not at any time rendered himself amenable to the order or process of said court, but has failed to perform either of said conditions and failed to perform the conditions of said bail bond, and a record thereof at said time and place was made by said court, and the bail declared by said court forfeited." And the plaintiff demands judgment for the said sum. To this complaint a demurrer was interposed upon the following grounds: "(1) That the facts stated in said complaint are not sufficient to, and do not, constitute a cause of action against this defendant. (2) That there is a defect of parties defendant in that the said John Magnus should be made a party defendant thereto." The demurrer being overruled, the defendant interposed an answer, but which, in the view we take of the case, it will not be necessary to further refer to. The errors assigned, relating to the ruling of the court, are as follows: "The trial court erred: (1) In overruling the defendant's demurrer to the complaint: (a) Because the facts stated in said complaint do not constitute a cause of action, and especially in that the undertaking required said John Magnus to answer only to an indictment which might be found against him, and the complaint does not charge any such indictment to have been found. (b) That there is a defect of parties, in that John Magnus should have been made a party to the same, the undertaking being joint, and not several. (2) In rendering judgment upon the issues upon the stipulated facts in favor of the plaintiff and against this defendant: (a) Because no indictment was returned against the said John Magnus; (b) Because said John Magnus should have been a party to said action. * * * (d) Because no conclusions of law have been made by the trial court, and same were not waived by defendant."

It is contended by the appellant, first, that the court erred in overruling the defendant's demurrer to the complaint for the reason that there is no allegation in the complaint that an indictment was found against the said Magnus, or that he was required to answer any such indictment; second, that the undertaking being joint, and not joint and several, and, being executed by the said

Magnus as well as the defendant, he should have been made a party to the action.

We are of the opinion that the circuit court was right in overruling the defendant's demurrer. It will be noticed that the undertaking of the defendant the surety company is "that the said Magnus should appear and answer to any indictment that might be found against him in the circuit court at its next regular or following term." The plaintiff in its complaint, after setting out the various proceedings in the justice court, resulting in holding the said Magnus to answer the charge against him in the circuit court, alleges in the fourth paragraph as follows: "That at said term of circuit court, so held, the said John Magnus did not appear and answer the said charge which was duly and regularly made against him in said court at said time and place, and has not at any time rendered himself amenable to the order or process of said court, * * * but has failed to perform the conditions of said bail bond, and a record thereof at said time and place was made by said court, and the bail declared by said court forfeited." While it is not specifically alleged in the complaint that either an indictment was found by a grand jury against the said Magnus, or that an information was filed against him, the allegation that "said John Magnus did not appear and answer to the said charge. which was duly and regularly made against him in said court at said time and place" is a sufficient allegation that he was either indicted by a grand jury or an information filed against him by the state's attorney, as provided by law. By section 4, ch. 64, Sess. Laws 1895, the distinction between an indictment and an information is practically eliminated. The section reads as follows: "That all provisions of law now in force on the statutes of this state applying to prosecutions upon indictment to writ and processes therein and the issuing and service thereof to motions, pleadings, trials and punishments, or the execution of any sentence and to all other proceedings in cases of indictment, whether in courts of original or appellate jurisdiction, shall in the same manner and to the same extent as near as may be, apply to informations and all prosecutions and proceedings thereon." It will be observed that by this section all the provisions of law in force shall be applicable

to informations and all proceedings thereon. There is, therefore, as far as the proceedings therein, no distinction between an indictment and an information, and, if an information was filed in the case, it was, in legal effect, the same as an indictment, and hence the failure of the said Magnus to appear and answer constituted a breach of the condition of the bond.

The further contention of the appellant that the action cannot be maintained against the defendant, the surety company, for the reason that Magnus was not made a party to the action, is clearly untenable. Magnus was not a necessary party to the bond, for the reason that the law does not require that a bail bond shall be signed by the party charged with the commission of the offense for which he is held to answer. Section 1968 of the Civil Code provides as follows: "The obligations of bail are governed by the statutes specially applicable thereto." The presumption, therefore, that an obligation is joint and not several, which arises under the provision of section 1118 of the Civil Code, is not made to depend upon the particular language used in the bail bond, but is made to depend upon the particular obligation imposed upon the persons therein named as bail. Title 12 of chapter 4 of the Civil Code treats generally of a contract of indemnity, and section 1967, being a part of this chapter and title, reads as follows: "Upon those contracts of indemnity which are taken in legal proceedings, as security for the performance of an obligation imposed or declared by the tribunals, and known as undertakings or recognizances, the sureties are called bail." The term 'bail' is thus defined by the authority on the subject of bail in 5 Cyc. p. 9: "The word 'bail' is used both as a verb and as a noun. As a verb it means to deliver an arrested person to his sureties upon their giving security for his appearance, at the time and place designated, to submit to the jurisdiction and judgment of the court. In its substantive sense it may be defined as the sureties into whose custody the arrested person is delivered, and who are considered as having control of his person." The provisions of our Code of Criminal Procedure relating to bail seem to be based upon the theory that the accused is not required to execute the bail bond, recognizance, or undertaking, but the same shall only be executed by sureties

who in contemplation of law have the accused in their custody, and are responsible for the appearance of the accused as required by the order admitting him to bail, and no provision seems to be made for the execution of such bond, recognizance, or undertaking by the accused. By chapter 11 of the Code of Criminal Procedure, it is provided (section 585) : Bail, *by sufficient sureties,* shall be admitted upon all arrests in criminal cases where the offense is not punishable by death," etc. Section 586 provides: "Bail, *by sufficient sureties,* may be admitted upon all arrests in criminal cases," etc. Section 587 provides: "After conviction of an offense not punishable with death, a defendant who sues out a writ of error for the revision of a judgment, may be admitted to bail," etc. Section 589 provides: "Upon the allowance of bail and the execution of the requisite recognizance, bond or undertaking, to the state, the magistrate, judge or court, must," etc. Section 590 provides: "A deposit of the sum of money mentioned in the order admitting to bail, is equivalent to bail," etc. Section 591 provides: :"Any party charged with a criminal offense and admitted to bail, may be arrested by *his bail* at any time * * * and at the request of such bail, the court, judge or magistrate shall recommit the party so arrested. * * *" Section 592 provides: "If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, * * * the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, * * * is and shall be thereupon declared forfeited. * * * After the forfeiture, the state's attorney must proceed with all due diligence, by action *against the bail* upon the instrument so forfeited. * * *" As will be observed by the provisions of the Code above quoted, the term "bail" applies to the sureties only, and that the obligation assumed by the sureties in the bail bond is that contemplated by these various provisions of the Code of Criminal Procedure. The statute does not contemplate, and does not require, that the accused shall sign or execute the same. The liability contemplated is that of the bail or sureties, and the fact that the accused signed the bail bond in the case at bar does not

render him a necessary party to the action. He is not a surety or bail within the meaning of the statutes. The bail in this case was the surety company, and, under the provisions of the Criminal Code above quoted, it became the duty of the state's attorney on default of the accused to appear and answer, and, such default being entered of record, to proceed against "the bail." The bond sued upon in this action clearly indicates that it was the defendant the Western Surety Company that was intended to be held liable upon the same, as the language of the bond is: "We, the Western Surety Company, hereby undertake that the above-named John Magnus shall appear and answer," etc. The obligation thus assumed is in no manner affected or changed by the added signature of John Magnus to the bail bond, as the bond is an undertaking to be executed, not by John Magnus, but on his behalf by his bail. In People v. Dennis, 4 Mich. 609, 69 Am. Dec. 338, the Supreme Court of Michigan in discussing a similar question says: "But a recognizance is a common-law obligation, and by the common law the sureties may be bound separately from their principal, or without this principal being bound at all. Minor v. State, 1 Blackf. [Ind.] 236."

We may add that our statute does not say that the magistrate shall take the recognizance of the accused and *sufficient sureties,* but that bail *by sufficient sureties* may be given. Whether or not sureties who execute the bond, recognizance, or undertaking may or may not be jointly bound does not arise in this case, and hence we express no opinion upon that question, as the defendant the surety company is the only surety upon the bond.

In the view we have taken of the case, we have not deemed it necessary to review the authorities cited by the learned counsel for the appellant, discussing the question as to what constitutes a joint or joint and several undertaking.

The last contention of the appellant, that there are no findings of the court or conclusions of law, and therefore the judgment is erroneous as not based upon proper findings or conclusions of law, is not tenable. By the record it is shown that all the facts were

stipulated, and the court's judgment clearly indicates its conclusions of law upon these facts. In Brown v. Brown et al., 12 S. D. 506, 81 N. W. 883, this court held: "Where all the facts in a case were presented to the court by stipulation, such stipulation, with the material part of the pleadings, is a substitute for findings of fact, and, if they support the judgment, it will not be disturbed. * * * " Clearly where all the facts are stipulated, and there is no issue to be tried by the court, no findings of fact are necessary, as there are no facts to be found; the parties having agreed and stipulated as to the facts. Findings of facts are only required where there are issues to be tried by the court, but, as above stated, when the facts are all stipulated, there is nothing for the court to find but its conclusion from the fact stipulated by the parties. It is recited in the judgment: "And the said cause of action being then and there submitted to the court upon a stipulated statement of all the material facts of said cause of action by the plaintiff and the defendant by their respective counsels, and filed herein and made a part of the records and files of this action, and the court being duly advised in the premises," etc.

Finding no error in the record, the judgment of the circuit court is affirmed.