### STENSON et al. v. ELFMANN et al.

A former decision as to the sufficiency of the complaint to state a cause of action would control on that question on a subsequent appeal, so far as the findings and evidence thereon sustained the allegations of the complaint.

Since, under the statutes as to conveyances of realty, there can be no implied contract for a conveyance of realty which is enforceable specially, in absence of any contract by a property owner to convey, her knowledge of transactions between the alleged vendee and her husband, though acquiesced in by her, would not make any contract as to her land by her husband specifically enforceable against her.

Where a written contract between plaintiff and defendant required plaintiff to execute to defendant a mortgage for the unpaid balance of the contract price of both defendant's and his wife's interest in the land, if the contract as to the wife's interest was not specifically enforceable, plaintiff could not maintain an action for specific performance against defendant alone.

Even if plaintiff could compel specific performance to convey by defendant alone, upon the invalidity of the part of the contract by which the interest of defendant's wife was to be also conveyed being shown, plaintiff was not entitled to specific performance as against defendant, in absence of a tender of performance by himself, or of an election to enforce performance against defendant alone.

(Opinion filed, April 2, 1912.    Rehearing denied June 29, 1912.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Henry Stenson and another against August Elfmann and another. From a judgment dismissing the complaint and an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

See, also, 26 S. D. 134, 128 N. W. 588.

*Amos N. Goodman* (*A. W. Campbell,* of counsel), for appellants. *L. T. Van Slyke,* for respondents.

SMITH, J. Appeal from the circuit court of Brown county. Action for specific performance ·of contract for conveyance of real property. At the close of plaintiff's evidence, defendant moved the court to dismiss the action upon numerous grounds. This motion appears to have been sustained by the trial court; but thereafter the court made findings of fact and conclusions of law and entered judgment, dismissing plaintiff's complaint. This appeal is from the judgment and an order overruling plaintiff's motion for a new trial.

The motion for new trial presents the question of sufficiency of the evidence. The trial was to the court, and it becomes unnecessary ·to review the ruling upon the motion to dismiss, or to determine whether such motion may properly present the question of the sufficiency of the evidence. The questions sought to be raised upon the motion to dismiss are raised on the motion for new trial. Numerous assignments of error upon rulings on evidence appear in the record; but, in the view we take of this case, it is unnecessary to discuss them, especially in view of the fact that appellant's counsel have specified the grounds of their appeal and discussed them under certain heads, none of which involve a review of the rulings of the trial court upon evidence.

[1] This case was before us upon an appeal from a former trial and judgment. The decision will be found reported in 26 S. D. 134, 128 N. W. 588. Upon the former appeal, one of the questions presented and determined was whether the facts stated in the complaint were sufficient to constitute a cause of action. The decision necessarily assumed the truthfulness of all the material facts alleged in the complaint, and, in so far as the findings and evidence sustain the allegations of the complaint, the former

decision would be held decisive upon this appeal. The complaint is the same as that reviewed upon the former appeal, and contains a copy of the contract, for the specific performance of which the action was brought. On the former appeal, this court held that the facts alleged in the complaint were sufficient to constitute a cause of action. It appears to be conceded upon this appeal that the written contract itself might be sufficient to sustain a finding and judgment for specific performance as against the defendant August Elfmann. Upon the former appeal, the court was of opinion that, even though the wife, Elizabeth Elfmann, had not signed the written contract, yet the complaint could fairly be construed as constituting an allegation of an oral contract on her part to convey, and that the payments and various acts of the plaintiffs, with her knowledge and acquiescence, were sufficient to constitute part performance of an oral contract, such as would warrant a decree for specific performance against her. It will be noted that upon the former appeal the case turned upon the liberal construction usually placed upon allegations of a complaint, where the question is raised upon an objection to the introduction of evidence at the trial. The ruling upon the former appeal was therefore founded upon an assumed or alleged oral contract between plaintiffs and the defendant Elizabeth Elfmann. Upon this appeal, however, the question of the existence of an oral contract is presented upon the evidence introduced at the trial. We have carefully examined the evidence, and are of opinion that, while the acts done would be sufficient to constitute part performance of an oral contract to convey, in themselves such acts constitute no ground for specific performance, unless done in pursuance of an existing oral contract. A careful examination of the entire evidence in the record compels us to the conclusion that Elizabeth Elfmann, neither herself, nor by or through any person assuming to act as her agent, ever entered into any contract, oral, or written, to convey the premises in dispute.

[2] It follows that in this action for specific performance, in the absence of any contract on her part to convey, her knowledge of transactions between her husband and the plaintiffs, even though acquiesced in and not objected to by her, are wholly im-

material as affecting her personal rights and obligations, and cannot be made the grounds for specific performance as against her. There can be no implied contract for a conveyance of real property enforceable in a court of equity, under the provisions of the statutes relating to conveyances of real property. The existence of an express contract, either written or oral, is essential to the maintenance of such an action. No such contract is disclosed in this case. The written contract between plaintiffs and August Elfmann, the husband, provided that the unpaid portion of the whole purchase price of the land should be secured by mortgage. The husband owned an undivided half interest in the land, and might have entered into a contract enforceable against himself to accept a mortgage for the unpaid portion of the purchase price; but the evidence conclusively shows that Mrs. Elfmann at all times absolutely refused to accept a mortgage upon the proposed sale of her interest in the land, though expressing a willingness to sell at the price named, if paid in cash. The evidence also shows that Mrs. Elfmann was never asked to sign the written contract, and never assented thereto as to her interest in the land, although it is conceded her husband expressed the belief that she would sign the deed; and it was upon this statement that plaintiffs accepted the written contract executed by the husband alone. Plaintiff Munson himself testified that Mrs. Elfmann refused to accept the mortgage, and that she was never asked to sign the contract, and, in fact, testified that the plaintiffs were not aware that the wife had a one-half interest in the land until they obtained and examined the abstract of title near the time for delivery of the deed. under the written contract. In fact, the evidence conclusively shows that neither the plaintiffs nor the husband ever requested the wife to sign the contract, and that the husband refused to ask her to sign it.

[3, 4] The written contract between plaintiffs and August Elfmann provided that plaintiffs should execute and deliver to August Elfmann a mortgage for the unpaid balance of the whole contract price of both his own and his wife's interest in the land. There being no contract under which specific performance could be enforced against the wife, this provision likewise became unen-

forceable against August Elfmann. And, even assuming that plaintiffs might desire or be willing to accept a decree requiring August Elfmann to convey upon tender of a mortgage securing his one-half of the unpaid purchase price, there has been no tender of performance on the part of plaintiffs or election of such remedy which would warrant specific performance as against August Elfmann alone. In the view we have taken of this case, it is unnecessary to review other questions presented upon the appeal.

The order and judgment of the trial court are affirmed.