GAMBLE, Appellant, v. KEYES, Respondent.

(206 N. W. 477.)

(File No. 5273.   Opinion filed December 9, 1925.)

1.  **New Trial—Appeal and Error—Court Rules—Order for New Trial Because of Errors Should Specify Errors.**

    Under Trial Court Rules, rule 30, an order granting a new trial upon the ground of errors in law at the trial should specify the particular errors which influence trial court in granting the order.

2.  **New Trial—Orders—Orders Extending Time to Move for New Trial Preserve Right, Notwithstanding Failure to Serve on Counsel.**

    Orders extending the time for filing a motion for new trial should be served upon counsel, in view of Rev. Code 1919, Sec. 2595, but failure to do so does not render order nullity.

3.  **Appeal and Error—Stare Decisis—Former Decisions in Case Conclusive on Trial Courts but not on Appeal.**

    An earlier decision of Supreme Court in a case is conclusive on subsequent trials, but although recognized as law of the case, it is not conclusive on subsequent appeals, if palpably erroneous, and may be corrected on urgent reasons.

**4.  False Imprisonment—$11,000 Excessive for Unauthorized Arrest After Breaking Into House.**

> In action by woman whose home was broken into, and who was arrested without warrant, after physical struggle, and taken to jail, verdict of $11,000 held excessive and to be reduced to $5,000.
>
> Polley, P. J., dissenting.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

· Action by Elizabeth F. Gamble against E. R. Keyes and another. Judgment for plaintiff. From an order granting a motion for a new trial, plaintiff appeals. Order reversed, and judgment modified and affirmed, on condition of remittitur.

*J. G. McFarland,* of Watertown, for Appellant.

*Sherin & Sherin* and *Hanten & Hanten,* all of Watertown, for Respondent.

(2)   To point two of the opinion, Appellant cited: Lauder v. Hunter (S. D.), 130 N. W. 774; Taxinger v. M. etc. Ry. Co., 23 S. D. 90, 120 N. W. 770; Bear River etc. Co. v. Boles, 24 Cal. 354; Caney v. Silverthrue, 9 Cal. 67; Ellsassar v. Hunter, 26 Cal. 279; Clarke v. Crane, 57 Cal. 632; Parrott v. City of Hot Springs, 9 S. D. 202, 68 N. W. 329.

(3.)   To point three, Appellant cited: M. E. Smith & Co. v. Kimble, 38 S. D. 511, 162 N. W. 162; Larsen v. Johnson, 197 N. W. 230.

(4)   To point four, Appellant cited: Whaley v. Vidal (S. D.), 132 N. W. 248; Davis v. Holy Terror Mining Co., 20 S. D. 399; McCarthy v. Fell, 123 N. W. 497; Olson v. Rydl, 126 N. W. 587; Roberts v. Jacobs (S. D.), 156 N. W. 589; Eller v. Lord (S. D.), 154 N. W. 816; Bedford v. Los Angeles Elec. Co., 134 Cal. 76, 66 Pac. 76; Jackson R. R. Co. v. Rogers, 38 Ind. 116, 10 Am. Rep. 103; Poli v. Newma Block Coal Co., 149 Ia. 104, 127 N. W. 1104; Morris v. St. Paul City R. R. Co., 105 Minn. 276, 117 N. W. 500; New Orleans etc. Co. v. Hearst, 36 Miss. 660, 74 Am. Dec. 785; Birch v. Southern Pacific Ry. Co., 32 Nev. 75, 104 Pac. 235, Ann. Cas. 1912B, 1165, 1166; St. Louis etc. Ry. Co. v. Richards, 23 Okla. 256, 102 Pac. 92; Scottowe v. Oregon Short Line R. R. Co. (Ore.), 30 Pac. 222; Farish v. Reigle, 32 Am. Dec. 666; Craker v. Chicago etc. Ry. Co., 36 Wis. 657, 17 Am.

Rep. 504; Ferguson v. Truax, 132 Wis. 478, 111 N. W. 657, 112 N. W. 513, 13 Ann. Cas. 1092; St. Louis I. M. & F. Ry. Co. v. Bryant (Ark.), 88 S. W. 580; Neuer v. Met. Street Ry. Co., 143 Mo. App. 402, 127 S. W. 669; Dowd v. McGinnity (S. D.), 152 N. W. 524; Kline v. Kline, 158 Ind. 602, 58 L. R. A. 397, 64 N. E. 3; Keller v. Lewis (Ia.), 89 N. W. 1102; Haupt v. Swenson (Ia.), 101 N. W. 20; Allen v. Lyzer (Kan.), 58 Pac. 238; Ches. & Ohio Ry. Co. v. Robinett (Ky.), 45 L. R. A. (N. S.) 433, 152 S. W. 976; Stuppy v. Hof, 82 Mo. App. 272; Kesp v. Link, 90 Neb. 25, 132 N. W. 717; Corning v. Corning, 6 N. Y. 97; Texas Coal & Fuel Co. v. Arenstein (Tex.), 55 S. W. 127; Sternhagen v. Kozel et al (S. D.), 167 N. W. 399.

Respondent cited: Levan v. Chicago, R. I. & P. Ry. Co., 196 N. W. 673; Johnson v. G. N. Ry. Co., 107 Minn. 285, 119 N. W. 1061.

BURCH, C. This is the fourth time that this case has been before us on appeal. The first time it was here on a demurrer to the answer and the opinion of this court is reported in Gamble v. Keyes, 35 S. D. 644, 153 N. W. 888. After the case was remanded upon the first appeal, it was tried to a jury, and the jury returned a verdict for plaintiff in the sum of $21,013.50. The court set aside this verdict, and granted a new trial, and this court, by a three to two decision, affirmed the lower court. Gamble v. Keyes, 39 S. D. 592, 166 N. W. 134. On the second trial of the case the jury returned a verdict of $6,000. A new trial was denied, an appeal taken from the judgment and order denying a new trial, and this court again reversed the judgment and order of the lower court by a three to two decision. Gamble v. Keyes, 43 S. D. 245, 178 N. W. 870. On the third trial of the case the jury returned a verdict in favor of plaintiff for $11,000. On motion for new trial the court set aside the judgment and granted a new trial on the ground that the judgment was the result of passion and prejudice of the jury, and plaintiff appeals from the order granting a new trial.

The order appealed from, omitting the formal and jurisdictional recitals, reads as follows:

"It is the order of the court that the defendant's motion for a new trial be and the same is hereby granted on the ground that the jury in said case by their verdict rendered excessive damages

appearing to have been given under the influence of passion or prejudice and upon the ground, of error in law occurring at the trial, excepted to by the defendant."

[1] It is contended by appellant that that portion of the order granting a new trial upon the ground of "error in law occurring at the trial, excepted to by the defendant" is not a compliance with rule 30 of Trial Court Rules, requiring trial courts in orders granting new trials to state therein all grounds upon which it bases such order. While respondents in their brief have not discussed or relied upon specific errors occurring at the trial, and this ground need not now be considered, we take this opportunity to state that the rule is intended to lighten the labors of this court, and for that reason an order granting a new trial should specifically point out the errors which in the opinion of the trial court require a new trial. If no error is glaring enough to be discernible by the court and interested counsel at the time of making the order, injustice is not likely to result from its disregard. If such error is apparent, it should be specifically pointed out. A compliance with the spirit of the rule requires more than the mere general statement of the ground as in this order. It should go further and state the particular errors which influenced the trial court in its decision.

[2] Appellant urges that the court was without jurisdiction to entertain the motion for new trial, for the reason that no effective order extending the time for giving notice of intention to move for a new trial was served upon appellant's counsel. The court made an order staying proceedings and extending the time in which respondent should take necessary steps to move for a new trial and to appeal, because additional time was needed to procure a transcript of the evidence. Subsequent successive orders were made further extending the time for the same reason. It is not contended that the facts did not warrant an extension of time or that the court abused its discretion in making the orders. The contention is that such orders are a nullity, unless served upon opposing counsel with the affidavits supporting the order under the provisions of section 2595, R. C. 1919. The portion of such section requiring service of the order reads:

"The affidavit, or a copy thereof, must be served with a copy of the order, or the order may be disregarded."

Appellant cites several decisions of this court (Louder v. Hunter, 27 S. D. 271, 130 N. W. 774; Traxinger v. Minneapolis, St. P. & S. S. M. R. Co., 23 S. D. 90, 120 N. W. 770; Nerger v. Com. Mut. Fire Ass'n, 21 S. D. 537, 114 N. W. 689) in support of his contention. These cases are not in point on this precise question. In those cases no order was obtained nor stipulation made extending the time. Here the orders were made, but not served on appellant's counsel. It does not appear that the statute fixes service as a prerequisite to the validity of the order. No notice of the application is required, and on good cause shown the court may make the order. The requirement of service is to bring notice to opposing counsel of its contents before such counsel shall be bound to obedience. No time is fixed for making this service. If service is not made, counsel may disregard it, but it does not necessarily follow that the order is void and ineffective for any purpose and the court bound to disregard it. The usual effect of failure to serve an order is to relieve the person upon whom service should be made from obedience thereto, without affecting its validity as to the court, the applicant, and those served. The court had jurisdiction over the subject-matter, and, on proper notice of intention and motion for new trial duly served on appellant, had jurisdiction over the person. Had there been no order extending the time, there would have been no authority for making the motion after the time allowed by statute. The right would have been lost, unless restored by order of court. The order preserved the right, although it was ineffectual to prevent or cause any action on the part of appellant.

The only remaining question for our consideration is: Did the court err in granting the new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice?

[3, 4] In the earlier decisions of this court it was well settled that a question decided on a former appeal became the law of the case, not to be questioned in a second or any subsequent appeal involving any branch of the case. Bank v. Gilman, 3 S. D. 172, 52 N. W. 869, 44 Am. St. Rep. 782; Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073; Bem v. Shoemaker, 10 S. D. 453, 74 N. W. 239; Richardson v. Dybedahl, 17 S. D. 629, 98 N. W. 164; Stenson v.

Elfmann, 29 S. D. 59, 135 N. W. 694. In the case of Smith & Co. v. Kimble, 38 S. D. 511, 162 N. W. 162, we said that—

"The decision on the former appeal became and is the law of this case, and binding upon the trial court, but not upon this court."

On the authority of this case we again held in Larson v. Johnson, 47 S. D. 202, 197 N. W. 230, that a decision on appeal is binding on the trial court on the second trial, but is not binding on this court. We think these cases do not plainly state our position. We recognize the rule of the law of the case, and ordinarily a question considered and determined on the first appeal is deemed to be settled and not open to re-examination on a second appeal, but this is not an inflexible rule, and, if the prior decision is palpably erroneous, it is competent for the court to correct it on the second appeal. Unless for most urgent reasons a palpably erroneous decision should be corrected, the decision will be treated as an adjudication, and binding as well on the appellate court as the trial court. No such reason appears here, and the former decisions in this case are binding upon us. All questions of punitive damage were eliminated in this last trial, and such damages are not here involved. The only error justifying the trial court in granting a new trial is the excessiveness of the verdict. For the facts we refer the reader to the former decisions, and will not repeat them here. The evidence is not materially different from that on the former trial. We are of the opinion that the judgment is excessive. There is no evidence that the verdict was rendered under the influence of passion and prejudice other than such as may be inferred from the size of the verdict. The general practice adopted by the appellate courts of the United States, where the verdict is excessive, is to affirm the judgment upon condition that plaintiff remit the amount deemed excessive, except where the verdict appears to have been rendered under the influence of passion or prejudice. The authorities are not harmonious as to the proper proceeding in such cases, but the better rule seems to be to reverse the judgment and remand the case for a retrial; the reason being that a remittitur will not cure the error, as other issues may have been affected by the passion or prejudice. 2 R. C. L. 279, and cases there cited. In this case, however, the reason does not apply, since it is conceded by both parties that

under the facts plaintiff is entitled to recover; the only question being the amount. In a former decision in this case (Gamble v. Keyes, 39 S. D. 592, 166 N. W. 134) we allowed actual damages in the sum of $1,013.50, since then there has been some attempt to prove an additional element of damage; namely, mental suffering and shame. We cannot substitute our judgment for that of the jury, and must allow some latitude for the difference in judgment of men. We are of the opinion that the judgment must be reduced, and, after making all due allowance, · that it should not exceed $5,000. This is the third jury that has passed upon the amount of damage, and each jury has allowed substantial damages. There is no reason to believe that defendant's rights will suffer by denying a new trial to another jury. His rights have been fully protected by jury trial. There should be an end to litigation.

The order of this court will be that, if within 30 days after the handing down of this opinion the plaintiff shall file in this court a written election to accept judgment in the sum of $5,000 with interest thereon from the date of the judgment of the trial court and the costs below, then the order granting new trial shall be reversed and the judgment of the trial court modified in accordance with such election, and, as so modified, affirmed, and no costs will be taxed in this court. If, however, plaintiff shall within such time neglect or refuse to accept said sum, then the order granting new trial shall be affirmed, with costs to respondent.

SHERWOOD, J., not sitting.

POLLEY, P. J. (dissenting). From the fact that the plaintiff refused to permit the physician who examined her after her encounter with the defendant to testify as to whether he found any injuries, it should be conclusively presumed that she suffered no injury to her person. And the fact that she was a bootlegger —a common outlaw—shows that she had no character, and no standing or reputation in the community that could be injured by her arrest. I think the order appealed from ought to be affirmed and the action dismissed at plaintiff's cost.

Note.—Reported in 206 N. W. 477. See, Headnote (1), American Key-Numbered Digest, New Trial, Key-No. 163(1), 29 Cyc. 1027; (2) New Trial, Key-No. 118, 29 Cyc. 933 (Anno); (3) Appeal and Error, Key-Nos. 1097(2), 1195 (1), 4 C. J. Secs. 3075, 3078, 3265; (4) False Imprisonment, Key-No. 36, 25 C. J. Sec. 186.