ARGO OIL CORPORATION, Respondent v. LATHROP et al., Defendants-Appellants, and State, Defendant-Respondent

(82 N.W.2d 504)

(File No. 9618.   Opinion filed April 29, 1957)

**Whiting, Lynn & Freiberg,** Rapid City, **Otto A. Gruhn,** Omaha, Neb., for Defendants and Appellants.

**Phil Saunders,** Atty. Gen., **Benj. D. Mintener** and **W. O. Knight,** Asst. Attys. Gen., Pierre, for Defendant and Respondent State of South Dakota.

**Eastman & Eastman,** Rapid City, for Plaintiff and Respondent.

ROBERTS, J. This is the second appeal in this case. The opinion on the former appeal is reported in 76 S.D. 70, 72 N.W.2d 431. The record shows that on August 28, 1935, E. T. McDonald, the owner of seven quarter sections of land in Pennington County, South Dakota, conveyed the land by warranty deed to the State of South Dakota. The deed recites that conveyance was made "Subject to a mortgage to the State of South Dakota as security for the payment of the principal sum of $5000 and interest thereon * * *; which said mortgage is not merged with the title hereby conveyed, but is specifically preserved as a mortgage lien against said premises in favor of said grantee." On or about December 11, 1935, the State of South Dakota, acting by and through its Rural Credit Board, reconveyed the land to E. T. McDonald by warranty deed "for and in consideration of Four Thousand Dollars".

The plaintiff Argo Oil Corporation is the assignee of an oil and gas lease dated April 25, 1950, from the State of South Dakota covering the land in question which runs for a primary term of ten years and as long thereafter as oil and gas shall be produced from the leased premises. This action was brought to determine adverse claims to mineral rights and to quiet title in the plaintiff to the extent of its leasehold interest.

The Federal Land Bank of Omaha filed an answer and counterclaim as to the plaintiff and a cross complaint against

defendant State of South Dakota. It alleges that the State conveyed the land in question to E. T. McDonald without reservation of any interest therein; that said McDonald by warranty deed thereafter on July 26, 1937, conveyed all his right, title and interest therein to defendant bank; that subsequently the defendant Federal Land Bank contracted to convey the land in question to defendant Floyd O. Gabriel, but reserved a one-half undivided interest in all oil, gas and minerals; and thereafter the bank having by inadvertence conveyed the land by warranty deed dated July 30, 1945, without reservation of a one-half interest in the mineral deposits, the said Floyd O. Gabriel by deed dated July 22, 1953, reconveyed to defendant bank a one-half undivided interest in such deposits. The pleadings of the defendant bank sets forth a copy of a so-called "Vendor's Certificate", which the State acting by and through its Rural Credit Board allegedly furnished at the time of the conveyance by the State to McDonald, reading as follows: "It is hereby certified by the undersigned that the following described premises [here follows description of land in question] have been sold and conveyed to Evan T. McDonald by the undersigned; that the full consideration for the purchase and sale has been received; that complete possession of said premises has been surrendered; that no right, title, lien or interest is claimed and that the mortgage in favor of The Federal Land Bank of Omaha, executed by said purchaser is recognized as a first lien on said premises by the undersigned."

The defendants Floyd O. Gabriel and Tressa B. Gabriel answered, contending that, with the exception of a quarter section conveyed to defendant J. L. O'Connell, they are the owners of a one-half undivided interest in all oil, gas and minerals in and under the land described in the complaint. The Gabriels and their grantee O'Connell make substantially the same allegations as those made by Defendant Federal Land Bank.

The defendant State of South Dakota filed an answer alleging that the statute, Ch. 308, Laws 1919, making all sales of land owned by the State subject to a reservation of all oil, gas and minerals had the same force and effect as if its

provisions had been expressly inserted in the conveyance by the State to McDonald and that if the "Vendor's Certificate" was furnished by the Rural Credit Board as alleged, the same was unauthorized and void.

The other defendants claim to be the owners of oil and gas leases made by defendants Floyd O. and Tressa B. Gabriel to parts of the land in question.

The record shows that on retrial defendant Federal Land Bank and the other appealing defendants claiming rights in the property as successors in interest to the bank were permitted to amend their pleadings to allege that for a period of five years before the conveyance to McDonald the Rural Credit Board in a large number of instances purported to convey all the right, title and interest of the State and that such extended practice constituted an administrative construction that the Rural Credit Board had authority to convey all such interest of the State including the mineral rights. The trial court rendered judgment quieting title in the State of South Dakota in all the oil, gas and mineral rights in question subject only to the oil and gas leasehold of the plaintiff.

No oral evidence was introduced at either trial. The parties submitted a written statement of facts agreed upon and this is identified as "Plaintiff's Exhibit 1". There was also submitted an additional stipulation of facts marked "Defendant's Exhibit A", to which is appended photostatic copies of vendor certificates and non-reservation deeds delivered to 39 purchasers of Rural Credit lands to whom the Federal Land Bank of Omaha made loans to finance the purchases. The parties stipulated therein that prior to delivery of the deed to E. T. McDonald in December, 1935, the State executed more than 200 deeds to purchasers of rural credit lands; that 88 such deeds contained mineral reservations; and that 120 deeds, exclusive of deeds to the United States, contained no reservation of mineral rights.

The court on the first trial found the facts to be as agreed upon in "Plaintiff's Exhibit 1". No issue of fact was presented and the only duty of the trial court was to draw the proper legal conclusions from the admitted facts. In

State v. Western Surety Co., 26 S.D. 170, 128 N.W. 173, 176, this court said: "Clearly where all the facts are stipulated, and there is no issue to be tried by the court, no findings of fact are necessary, as there are no facts to be found; the parties having agreed and stipulated as to the facts." It was the view of the trial court that the agreed statement of facts referred to required rendition of judgment against plaintiff and defendant State of South Dakota and that the additional facts to which the parties stipulated were immaterial. No one would seriously contend that because of the ruling of the court the additional facts could not be accepted as true and binding upon the parties. The facts remained unchanged.

The decision on the former appeal became, and is, the law of the case and the holding that the statute, Ch. 308, Laws 1919, making all sales of land owned by the State subject to a reservation of all oil, gas and minerals was applicable to rural credit lands and must be read into and become a part of a deed executed by the Rural Credit Board is not now subject to review on this appeal. Jordan v. O'Brien, 70 S.D. 393, 18 N.W.2d 30; Wieber v. England, 59 S.D. 1, 238 N.W. 25; Gamble v. Keyes, 49 S.D. 39, 206 N.W. 477. In Plymouth County Bank v. Gilman, 3 S.D. 170, 52 N.W. 869, 871, this court said: "The records on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were then before the court, so as to see to the correct application of this rule that such decision is the law of the case. McKinlay v. Tuttle, 42 Cal. 570. The facts being found to be the same, the rule applies that a decision of the supreme court in a given case becomes the law of the case in all of its subsequent stages, and will not be reviewed when the case comes up on a second appeal, the facts being the same." In First Nat. Bank of Custer City v. Calkins, 16 S.D. 445, 93 N.W. 646, the rule was reiterated as follows: "In so far as the record made at the former trial in no way differs from that now before us, the questions as there decided have become the law of the case." The evidence upon which appellants here base their claim of administrative construction was before this court on the former appeal and was considered, although

not specifically mentioned in the opinion. It was argued on the first appeal that while respondents could not assign error upon the appeal, an affirmance of the judgment could be predicated upon any ground appearing as a matter of law in the record. See State ex rel. Rice v. Cozad, 70 S.D. 193, 16 N.W.2d 484. Counsel directed attention to the stipulation of additional facts and argued that an application of the doctrine of administrative construction of ambiguous statutes required an affirmance of the judgment. The same argument was made in support of petition for rehearing.

In the former opinion, we held as indicated that the provisions of statute reserving all oil, gas and minerals in the State became a part of deeds executed by the Rural Credit Board and must be read into them just as if the express provisions were inserted therein. A reservation was operative without an express recital in a deed and the action of the board in omitting from deeds express reservation of mineral rights was not out of harmony and contrary to a construction denying the board authority to convey oil, gas and minerals in and under rural credit lands. We did not then, and do not now, accord much weight to the infrequent issuance of the vendor certificates by the board acting outside the scope of its authority. We need not pursue the subject further. The decision of this court in the instant case on the former appeal necessarily included the determination of the essential issue upon which appellants now rely. The case would not have been reversed if the prevailing parties in any event would not on the record have been entitled to succeed.

The trial court properly carried into effect the mandate of this court and its judgment is accordingly affirmed.

All the Judges concur.