DAKOTA BLOCK COMPANY, Respondent

v.

WESTERN CASUALTY & SURETY COMPANY, Appellant

(150 N.W.2d 729)

(File No. 10341.  Opinion filed May 12, 1967)
2 petitions for rehearing denied June 20, 1967

**Costello, Porter, Hill, Banks & Nelson, James S. Nelson,** Rapid City, for defendant and appellant.

**Bangs, McCullen, Butler & Foye, Thomas E. Simmons,** Rapid City, for plaintiff and respondent.

BANDY, Circuit Judge.

This case first came before this court upon an appeal from a judgment dismissing the action. The first opinion is reported in 81 S.D. 213, 132 N.W.2d 826. Clarity of the present opinion appears to require some reference to the factual situations then and now existing.

In essence, the complaint herein alleges that the plaintiff supplied building blocks to be and which were used in the construction of a school building and that, subsequent to their incorporation in the building, the coloring material on the blocks faded and otherwise deteriorated; that the defendant, who is the insurance carrier for the plaintiff, has refused to accept liability, and that the plaintiff seeks a declaratory judgment determining liability on the part of the insurance carrying defendant and for supplemental relief. At the time of the first trial of the action, it was represented and appeared from the record that an effective settlement and compromise had been reached between the plaintiff block company and the school district by which a new coating or covering would be placed upon these blocks. Accordingly, and apparently upon the theory that it was desirable to complete the entire matter at one time, the trial judge received evidence as to the amount which had been expended in placing this coating or covering, referred to as Ev-Rock, upon these blocks. The defendant insurer was contending that no

liability existed upon two grounds, first, that no accident had taken place and, second, that the occurrence was within a specific exclusion of the policy itself. The trial judge concluded, as a matter of law, that the fading and discoloration of the blocks was due to an accident as that term is used in the policy of insurance involved. But the trial judge also concluded that such accident fell within the exclusionary provisions of the policy and accordingly dismissed the plaintiff's action. The defendant duly excepted to the court's conclusion as to "accident", and the plaintiff duly excepted to the court's conclusion as to the occurrence being within the exclusionary clause.

Thus, the legal situation then presented may be summarized in this manner. The trial court had determined that, were it not for the exclusionary clause, liability would exist under the provisions of the policy. From this determination, the plaintiff appealed. Being aggrieved only by the determination that the exclusionary clause prevented recovery, this was the issue presented and argued in its brief. However, it is completely clear, both from the settled record and the briefs of counsel, that if the occurrence was not the result of an accident, no liability whatever could exist and the question as to the effect of the exclusionary clause would be immaterial. In this state of the record, this court determined that the exclusionary clause did not apply and reversed the trial court. Necessarily implicit in such action was a determination that the liability provisions of the policy, predicated upon accident, were applicable.

Upon its return to the trial court, as the result of a stipulation between counsel, the evidentiary record made on the first trial was utilized with some additional evidence as to the amount and extent of damages then being claimed by the plaintiffs, but with additional evidence which established that the School District asserts that what had been thought to be a complete, final and effective compromise and settlement between the plaintiff and the school district had failed.

The trial judge entered judgment for the plaintiff for the new amount claimed; and, in addition thereto, obligated the defendant for the full performance of the compromise and settlement agreement, in which it had not taken any part.

On this present appeal, as the party now aggrieved by the judgment, the defendant insurer seeks to present the issue of "accident". That is to say, they now contend that no liability could exist in any event because the occurrence was not within the primary liability provisions of the policy.

While the opinion on the first appeal makes no specific determination as to whether the occurrence constituted an accident, the majority opinion clearly shows that the court was aware of the contention of the defendant in such respect. It was therein written:

"Defendant asserted (1) the damage was not caused by accident, and (2) if caused by accident, it was within the provisions of the exclusionary clause quoted above."

Inasmuch as no liability could exist in the absence of a determination of accidental causation, and the resubmission of the case upon the evidentiary record made on the first trial, what was written in Argo Oil Corporation v. Lathrop et al., 76 S.D. 555, 82 N.W.2d 504, becomes particularly pertinent:

"The decision of this court in the instant case on the former appeal necessarily included the determination of the essential issue upon which appellants now rely. The case would not have been reversed if the prevailing parties in any event would not on the record have been entitled to succeed."

"The facts being found to be the same, the rule applies that a decision of the supreme court in a given case becomes the law of the case in all of its subsequent stages, and will not be reviewed when the case comes up on a second appeal, the facts being the same."

Accordingly, we now hold that the issue of liability under the policy and the issue of the exclusionary clause contained in the policy have both heretofore been passed upon adversely to the appellant. The requisites of jurisdiction for declaratory relief, pointed out in Danforth v. City of Yankton, 71 S.D. 406, 25 N.W.2d 50, were present as to these.

We then come to the portion of the judgment, granted under the prayer for supplemental relief, in which the trial court determined the amount and extent of the liability of the defendant insurer. As to this portion of the judgment, we reverse.

The insurance contract herein contains the following language:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, * * *"

The compromise agreement between Dakota Block, the School District and others, Western Casualty not being a signer, contains the following:

"Dakota Block Company hereby warrants and guarantees the adhesion and color fastness of EV-ROCK for a period of two years from the date of completion of the application thereof * * *"

While the pleadings were formulated upon a claim for declaratory relief, Dakota Block, on the first trial, presented a case for coercive relief, i. e., damages for breach of the insuring contract. On the retrial, on the same pleadings, Dakota Block sought damages and imposition of liability for performance of the warranty contained in its compromise agreement, upon Western Casualty. The trial court awarded damages and bound Western Casualty to liability under the warranty.

The record gives notice that the School District is dissatisfied with performance of the compromise agreement. There is nothing in this record from which adequacy of such performance could be ascertained even if the School District was a party. Since it is not, this court is without authority to determine its rights, either under the warranty or outside it. In the absence of such a determination the extent of the ultimate liability of Dakota Block is speculative. While it is highly desirable to conclude litigation rapidly, no decision could be made by this court which would terminate the controversy at this time.

We therefore sustain that portion of the judgment which grants declaratory relief in finding that the occurrence falls within the insuring provisions of the policy, and reverse as to the portion which determines the amount and extent of liability thereunder, this without prejudice to the commencement of a new action for the recovery of any sum which Dakota Block may hereafter be found obligated to pay by reason of damage sustained by the school building from the blocks furnished by it.

HOMEYER, P. J., and BIEGELMEIER, J., concur.

ROBERTS, J., concurring specially.

HANSON, J., dissenting.

BANDY, Circuit Judge, sitting for RENTTO, J., disqualified.

ROBERTS, Judge (concurring specially).

I dissented from the majority opinion on the former appeal as to coverage under the liability policy issued to plaintiff. The law there enunciated by the majority has since been and is the law of this state. The decision is as conclusive upon the points decided as a unanimous opinion and the judges of this court are equally bound by the decision. Upon the foregoing considerations, I concur.

HANSON, Judge (dissenting).

The doctrine of the law of the case which makes an appellate court's decision binding on a subsequent appeal precluding correction of error in the former decision has not been unconditionally embraced or followed by this court. Gamble v. Keyes, 49 S.D. 39, 206 N.W. 477, Dwyer v. Christensen, 77 S.D. 381, 92 N.W.2d 199, and see Anno. 87 A.L.R.2d 271. When the ruling on the former appeal is palpably erroneous it may be corrected on subsequent appeal. Accordingly, I would reverse for the reasons stated in my former dissenting opinion. See Dakota Block Co. v. Western Casualty & Surety Co., 81 S.D. 213, 219, 132 N.W.2d 826, 830.